UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and JACQUELINE | § | |
| HOLMES, individually and on behalf of | § | |
| a class of similarly situated individuals | § | |
| | § | |
| v. | § | Civil Action No. 5:14-cv-00628-XR |
| | § | |
| TITLEMAX OF TEXAS, INC.; | § | |
| TITLEMAX FINANCE CORP.; and | § | |
| TMX FINANCE LLC f/k/a | § | |
| TITLEMAX HOLDINGS, LLC | § | |

---

## DEFENDANT TMX FINANCE LLC F/K/A TITLEMAX HOLDINGS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

---

Defendant TMX Finance LLC f/k/a TitleMax Holdings, LLC ("TMX Finance") files this Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (the "Motion to Dismiss") in response to the Original Class Action Complaint [Doc. 1] (the "Complaint") filed by Plaintiffs Gregory Cantu and Jacqueline Holmes, individually and on behalf of a class of similarly situated individuals ("Plaintiffs").[1] TMX Finance respectfully asks the Court to dismiss Plaintiffs' claim against TMX Finance for want of personal jurisdiction. "The Lone Star of Texas may shine brightly throughout the world, but its long arm is not judicially all encompassing." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1161 (5th Cir. 1983).

---

[1] TMX Finance files this Motion to Dismiss prior to any motion to transfer venue or any other plea or pleading. Any subsequent plea, pleading, motion, or other filing filed by TMX Finance is made subject to and without waiver of this Motion to Dismiss and without waiver of TMX Finance's right to contest Plaintiffs' assertion of jurisdiction.

## INTRODUCTION

TMX Finance is a Delaware limited liability company that has neither provided any consumer products or services in Texas nor accessed any driving records of Texas residents. Its principal place of business is in Georgia and it is not at home in Texas. As such, Texas courts do not have jurisdiction over TMX Finance because it lacks the minimum contacts with Texas required to justify the exercise of personal jurisdiction over a nonresident. The Court has neither general nor specific jurisdiction over TMX Finance, and subjecting it to the Court's jurisdiction would violate traditional notions of fair play and substantial justice. Thus, the cause of action asserted by Plaintiffs against TMX Finance in this forum should be dismissed.

## ARGUMENT

### A.   General Principles of Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal of a defendant from a lawsuit for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). The plaintiff bears the burden of establishing jurisdiction over the defendant. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). While **uncontroverted** jurisdictional allegations are accepted as true, mere conclusory allegations without factual support are insufficient to establish personal jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–869 (5th Cir. 2001). Otherwise, every plaintiff could simply plead its way into establishing personal jurisdiction, in violation of constitutional due-process requirements of purposeful availment and minimum contacts. *Id.* at 870.

Federal courts follow state law in determining whether personal jurisdiction exists. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); FED. R. CIV. P. 4(k)(1)(A) (stating that

service of process establishes personal jurisdiction over defendants who are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). The Texas long-arm statute extends jurisdiction consistent with due process under the United States Constitution. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). And due process requires that the defendant purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state such that exercising jurisdiction comports with traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945)). These constitutional requirements have led to the development of two kinds of personal jurisdiction—general and specific. *Daimler*, 134 S. Ct. at 754.

General jurisdiction over a corporation is limited to where it is at home, which generally is the state of incorporation and principal place of business. *Id.* at 760. Whereas specific jurisdiction is limited to situations where the lawsuit arises from the defendant's purposeful contacts with the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (U.S. 2011).

Even when general or specific jurisdiction exists, however, courts must not exercise jurisdiction over a defendant when doing so would offend traditional notions of fair play and substantial justice. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 421 (5th Cir. 1993). In determining whether this would be the case, courts examine: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the

shared interest of the several states in furthering fundamental social policies. *Id.*

As a rule, a corporation cannot be subject to personal jurisdiction merely based on the contacts of a subsidiary within the forum. *Hargrave*, 710 F.2d at 1159. Courts may exercise jurisdiction over an alter ego of the subsidiary, but the presumption of corporate separateness may only be overcome by the plaintiff's showing of clear evidence, which requires more than the subsidiary's presence within the corporate family. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). The following factors may be considered in determining whether to impute the subsidiary's activities to the parent for jurisdictional purposes: (1) the amount of the subsidiary's stock owned by the parent; (2) whether the corporations have separate headquarters; (3) whether the parent and subsidiary have common officers and directors; (4) whether the corporations observe corporate formalities; (5) whether the corporations maintain separate accounting systems; (6) whether the parent exercises complete authority over general policy; and (7) whether the subsidiary exercises complete authority over daily operations. *Id.* at 339. Not one factor alone is dispositive, and the bar is high.

For example, in *Hargrave*, the Fifth Circuit found that one-hundred percent stock ownership, along with commonality of officers and directors, was insufficient to establish an alter-ego relationship. *Id.* at 1160. In *Global 360 Inc. v. Spittin' Image Software, Inc.*, CIV.A3:04–CV–1857–L, 2005 WL 625493 (N.D. Tex. Mar.17, 2005) (unpublished), the Northern District of Texas found evidence of majority ownership by the parent, a common president of parent and subsidiary who exercised authority over all general policies and daily operations, shared headquarters, and closely related accounting systems to be insufficient to exert personal jurisdiction over the subsidiary. *Id.* at *9. And in *E.E.O.C. v.*

4

*Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499 (S.D. Tex. 2012), the Southern District of Texas found common ownership, shared headquarters, shared officers and directors, as well as a shared website, shared recruitment forms, shared training, and shared staffing procedures to be insufficient. *Id.* at 533–534. Because Plaintiffs cannot show general or specific jurisdiction or otherwise surpass the hurdle of establishing alter-ego jurisdiction, the Court should dismiss TMX Finance from this action for want of personal jurisdiction.

**B.    TMX Finance Is Not subject to General Jurisdiction**

TMX Finance is a Delaware limited liability company with its principal place of business in Georgia. *See* Declaration in Support of Defendant TMX Finance LLC f/k/a TitleMax Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) ("Declaration"), attached as **Exhibit 1**. As a result, TMX Finance is not at home in Texas. *See Daimler*, 134 S. Ct. at 760.

Moreover, TMX Finance has not had any continuous and systematic contacts with Texas. Among other significant facts and jurisdictional hurdles, TMX Finance does not engage in and has never engaged in providing ***any*** consumer product or service in Texas; has never been licensed or otherwise authorized to do business in Texas and has never paid franchise taxes or any other taxes to Texas; has never owned any real property located in Texas; and does not have a registered agent for service of process in Texas. *Id.* at ¶¶ 5–8. Accordingly, there is no basis for general jurisdiction over TMX Finance.

**C.    TMX Finance Is Not subject to Specific Jurisdiction**

In a conclusory and vague fashion, Plaintiffs allege that TMX Finance is subject to jurisdiction because it "engaged in conduct in violation of the DPPA in Texas." *See* Complaint at ¶ 10. Plaintiffs make this allegation throughout the Complaint by improperly

5

merging TMX Finance with either "TitleMax," a term defined to include all the defendants, or "Defendant," an undefined term. *See id.* at ¶¶ 12, 24–26, 53–54. This shotgun approach at attempting to establish specific jurisdiction is premised on TMX Finance having accessed driving records in Texas.

Under the Driver's Privacy Protection Act (the "DPPA"), a "person who knowingly obtains, discloses or uses personal information, ***from a motor vehicle record***, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains. . . ." 18 U.S.C.A. § 2724 (emphasis added). Because an essential element of the DPPA claim is that the information was obtained from a driving record, there cannot be specific jurisdiction over TMX Finance if it never accessed driving records in Texas. *See Goodyear*, 131 S. Ct. at 2851 (stating that specific jurisdiction exists where the lawsuit arises from the defendant's purposeful contacts with the forum).

Simply put, TMX Finance has never accessed any driving records in Texas. *See* Declaration at ¶ 10. TMX Finance has never conducted or engaged in any consumer business activities and therefore could not have possibly had any involvement in any alleged tortious activity in Texas. *Id.* at ¶¶ 5, 9. Hence, there is no basis for specific jurisdiction over TMX Finance.

**D.   Exercising Jurisdiction Does Not Comport with Fair Play and Substantial Justice**

Given the absence of both general and specific jurisdiction over TMX Finance in Texas, this Court need not consider whether the assertion of jurisdiction comports with traditional principles of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 476 (1985). In other words, the Court should not reach the considerations of fair play and substantial justice because Plaintiffs have not established the requisite

6

minimum contacts between TMX Finance and Texas. But even if such minimum contacts could be established, fair play and substantial justice would not permit this Court to assert jurisdiction over TMX Finance.

It would be inconvenient, burdensome, and financially expensive for TMX Finance to litigate this case in Texas. *See* Declaration at ¶ 12. There are no direct flights to San Antonio available to TMX Finance, and traveling to San Antonio one way takes a whole day. *Id.* Additionally, neither Texas nor Plaintiffs have a compelling interest in adjudicating the dispute in Texas. Thus, the Court should not exercise jurisdiction over TMX Finance.

**E.    TMX Finance Is Not an Alter Ego of TitleMax of Texas, Inc.**

TitleMax of Texas, Inc. ("TitleMax of Texas") is the only defendant that provides consumer products or services in Texas.[2] TMX Finance is a separate and distinct entity from TitleMax of Texas and is not its alter ego. *See* Declaration at ¶ 13. TMX Finance observes corporate formalities, has its own employees, and maintains its own books and bank accounts. *Id.* As a result, TMX Finance cannot possibly be TitleMax of Texas's alter ego for jurisdiction purposes.

## CONCLUSION

Plaintiffs have failed to establish general or specific jurisdiction over TMX Finance in Texas, and exercising jurisdiction over TMX Finance in Texas would offend traditional notions of fair play and substantial justice. Accordingly, TMX Finance respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiffs' claim against TMX Finance for lack of personal jurisdiction.

---

[2] TitleMax of Texas answered the Complaint.

7

Further, to the extent it will assist the Court in making such determination, TMX Finance respectfully requests that its Motion to Dismiss be submitted for oral hearing at the soonest mutually available date.

Respectfully submitted,

By:   */s/ L. Bradley Hancock*
    L. Bradley Hancock
    hancockl@gtlaw.com
    Texas Bar No. 00798238
    Christopher David Johnsen
    johnsenc@gtlaw.com
    Texas Bar No. 24072169

**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

ATTORNEYS FOR DEFENDANTS
TITLEMAX FINANCE CORP. AND
TMX FINANCE LLC F/K/A
TITLEMAX HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were electronically served on all counsel of record through the Court's ECF system on this 6th day of October, 2014:

*/s/ Christopher David Johnsen*
Christopher David Johnsen

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and JACQUELINE HOLMES, individually and on behalf of a class of similarly situated individuals | § § § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-XR |
| TITLEMAX OF TEXAS, INC.; TITLEMAX FINANCE CORP.; and TMX FINANCE LLC f/k/a TITLEMAX HOLDINGS, LLC | § § § § § | |

**DECLARATION IN SUPPORT OF DEFENDANT TMX FINANCE LLC F/K/A TITLEMAX HOLDINGS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

## DECLARATION

1. My name is Christopher Kelly Wall. I am over the age of 18, am of sound mind, and am competent to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2. I am the Vice President for Defendant TMX Finance LLC f/k/a TitleMax Holdings, LLC ("TMX Finance"). I have personal knowledge of the facts stated in this Affidavit through my role with TMX Finance, and each of the statements made below is based upon my personal knowledge.

3. I submit this Affidavit in support of Defendant TMX Finance's Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

4. TMX Finance is a limited liability company formed and organized under the laws of the State of Delaware. TMX Finance maintains its principal place of business in Georgia.

5. TMX Finance does not engage in and has never engaged in providing any consumer product or service in Texas.

6. TMX Finance has never been licensed or otherwise authorized to do business in Texas and has never paid franchise taxes or any other taxes to Texas.

7. TMX Finance has never owned any real property located in Texas.

8. TMX Finance does not have a registered agent for service of process in Texas.

9. TMX Finance has never had any involvement in any tortious or illegal activity in Texas.

10. TMX Finance has never accessed any driving records of Texas residents.

11. To defend this action in Texas would require TMX Finance's personnel to travel to Texas as the action progresses, to exchange documents and other evidence with other parties and attorneys in Texas, and to attend the trial of this action in Texas.

12. Because of the distance between TMX Finance and San Antonio, Texas, it would be inconvenient, burdensome, and financially expensive for TMX Finance to litigate this case in this Court. Among other things, there are no direct flights to San Antonio available to TMX Finance, and traveling to San Antonio one way takes a whole day.

13. TMX Finance is a separate and distinct entity. Among other things, it observes corporate formalities, has its own employees, and maintains its own books and bank accounts.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Christopher Kelly Wall
TMX Finance LLC f/k/a
TitleMax Holdings, LLC


Declared under penalty of perjury on this 3rd day of October, 2014.

2