UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and JACQUELINE HOLMES, individually and on behalf of a class of similarly situated individuals | § § § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-XR |
| TITLEMAX OF TEXAS, INC.; TITLEMAX FINANCE CORP.; and TMX FINANCE LLC f/k/a TITLEMAX HOLDINGS, LLC | § § § § § | |

## AGREED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

Doc. 23

Having determined that discovery in this case may involve disclosure of personal, confidential, trade secret, and/or proprietary information that should be kept confidential and not be improperly disclosed, and to allow discovery to proceed without undue delay and avoid disputes regarding the confidential nature of such information,

It is hereby ORDERED that:

1. All Classified Information, as defined below, produced or exchanged in the course of the above-styled litigation, including documents and/or information produced by any party to any other party, shall be used solely for the purpose of this litigation, the prosecution of claims, and the defense of possible claims (collectively, this "Matter"), and shall not be disclosed to any person except in accordance with the terms hereof.

2. In this Agreed Protective Order Concerning Confidential Information (the "Order"), the words set forth below have the following meanings:

    a. "Disclose" or "disclosed" or "disclosure" means to reveal, divulge, give, or make available to any person any documents, testimony, information, or other materials, or any part thereof, or any information contained therein.

    b. "Person" or "Persons" means any individual or entity.

    c. "Use" or "used" means disclosure of documents, testimony, information, or other materials, or any part thereof, or any information contained therein beyond this Matter, the parties, witnesses for the parties, or experts for the parties.

    d. "Classified Information" as used herein, means any information of any type, kind, or character which is designated as "Confidential" by any of the supplying or received parties, whether it be a document, information contained in a document, information revealed during a deposition, information produced in

response to a document request, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that the party in good faith believes contains confidential information.

Nothing shall be regarded as "Confidential" information if it is information that either:

(1) is in the public domain at the time of disclosure, as evidenced by a written document;

(2) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(3) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(4) the receiving party lawfully receives such information at a later date from a third party without violation of this Order, any applicable law, or restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

e. "Qualified Persons" as used herein means:

(1) Attorneys for the parties in this Matter and employees of such attorneys;

(2) Actual or potential independent technical experts or consultants;

(3) The parties named in this Matter, including their employees and counsel;

(4) The Court and its personnel, deponents, and court reporters/videographers; and

(5) If this Court so elects, any other person designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

3. Documents and other discovery produced in this Matter may be designated by any party or parties as "Confidential" information by marking or affixing on each page of such document with a stamp stating "CONFIDENTIAL." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

4. Information disclosed at a deposition may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

a. Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within fourteen (14) days (or three (3) business days with respect to any transcript produced in connection with any injunctive relief sought in this Matter) of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.

b. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript

5. A Party may designate as "Attorneys-Eyes Only" any Confidential materials that it in good faith considers are entitled to that designation. All Attorneys-Eyes Only Materials are subject to the protections of "Classified Information." Notwithstanding the protections of being Classified Information, Attorneys-Eyes Only Materials may not be viewed or used by the Parties themselves, including but not limited to their respective in-house counsels. However, Attorneys-Eyes Only Materials may be viewed or used by the parties' counsels' offices, consultants or experts retained by the parties or their respective counsel's offices, non-Party witnesses, court reporters, and the Court.

6. Any person in possession of Classified Information who receives a subpoena or other process in another action or proceeding seeking production or other disclosure of any Classified information, must promptly give telephonic and written notice by overnight delivery, email, or facsimile to opposing counsel, enclosing a copy of the subpoena or other process. In no event may production or other disclosure be made before the later of (i) ten (10) days following the date on which notice is given, or (ii) the return date of the subpoena, unless otherwise required by applicable law or by court order.

7. All Classified Information disclosed in this Matter shall be used solely for the purposes of preparation for trial, pretrial proceedings, and trial of this Matter and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose. Any summary, compilation, notes, or copy containing Classified Information, and any electronic data, electronic image, or database containing Classified Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic data, electronic image, or database is derived.

8. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Any documents produced in this Matter, regardless of classification, which are provided to Qualified Persons, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. All persons receiving Classified Information under this Order (other than the parties and their respective counsels' offices, the Court and the court reporters) must be provided with a

copy of this Order and read and execute the Non-Disclosure Agreement annexed hereto as **Exhibit A.**

9. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person irrespective of which party produced such information.

11. Nothing in this Order shall limit the right of the parties to use the Classified Information for pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this Matter. However, any pleading, memoranda, brief, exhibit, or other document which contains information designated as "Confidential" must be filed, if at all, with the Court under seal, and such pleadings may only be revealed to Qualified Persons as described above.

12. Nothing in this Order in any manner defines the scope of the materials to be produced in response to discovery in this Matter.

13. Nothing in this Order shall prevent a party from using or disclosing its own documents (if he or it is the rightful owner and/or is rightfully in possession of such material).

14. Nothing in this Order shall prohibit the reproduction or use of any documents or materials that are not designated as Classified Information.

15. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

    a. In the event that any party to this Matter disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.

    b. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within

fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

16. The parties may, by written stipulation signed by all parties, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

17. Notwithstanding anything herein to the contrary, a designation of any Classified Information as "Confidential" by any party in this Matter shall not, as a matter of law or fact, constitute an admission by any party or otherwise be interpreted to mean any party deems such Classified Information as "Confidential" for purposes of establishing any claims or counterclaims at issue in this Matter.

18. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Classified Information shall be subject to the provisions of this Order. To the extent that certain laws and/or rules concerning the disclosure of non-public personally identifying information apply to the materials disclosed in this Matter, including but limited to the Gramm Leach Bliley Act, 15 U.S.C. § 6802(e)(8), such disclosure is permissible under, and may only occur, pursuant to the terms of this Order.

19. Within ninety (90) days after conclusion of this Matter and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the Qualified Persons, shall, upon request, be returned to the producing party, or, in lieu thereof, the Qualified Persons shall certify in writing that such "Confidential" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of court filings, and official transcripts and exhibits, provided said retained documents and the "confidential" information contained therein will continue to be treated as provided in this Order. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this Matter, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

20. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this Matter from conveying to any party client his evaluation in a general way of "Attorneys-Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Attorneys-Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Order.

21. Nothing in this Order will limit any of the parties from sharing Classified Information with law enforcement agencies and personnel, and/or third parties, to the extent necessary to cooperate in any criminal investigations.

22. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

23. This Order shall operate as a binding agreement between the parties prior to, and in the absence of, the Court's approval and signature.

24. This Order will continue in effect after termination of this Matter and continue to be binding on all persons to whom Confidential Materials were disclosed. To the extent permitted by law, the Court will retain jurisdiction to enforce, modify, or reconsider this Order, even after the Matter is terminated.

SIGNED AND ENTERED this 22nd day of December, 2014.

_____
JUDGE PRESIDING


AGREED AS TO FORM AND SUBSTANCE on the 16th day of December 2014.

Respectfully submitted,

By: /s/ L. Bradley Hancock
    L. Bradley Hancock
    hancockl@gtlaw.com
    Texas Bar No. 00798238
    Christopher David Johnsen
    johnsenc@gtlaw.com
    Texas Bar No. 24072169

**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

ATTORNEYS FOR DEFENDANTS TITLEMAX OF TEXAS, INC.; TITLEMAX FINANCE CORP.; AND TMX FINANCE LLC F/K/A TITLEMAX HOLDINGS, LLC[1]

---

[1] TitleMax Finance Corp. and TMX Finance LLC f/k/a TitleMax Holdings, LLC submit this Order subject to and without waiving their Motions to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) [Docs. 6, 7].

By: */s/ Cory S. Fein*
    Cory S. Fein
    cory@coryfeinlaw.com
    Texas Bar No. 06879450

**CORY S. FEIN, PC**
712 Main Street, Suite 800
Houston, Texas 77002
Telephone: (713) 730-5001
Facsimile: (530) 748-0601

ATTORNEY FOR PLAINTIFFS

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have been provided with a copy, and read and understand the AGREED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION (the "Order") in this Proceeding governing the non-disclosure of information that has been designated as "Confidential" and/or "Attorneys-Eyes Only." I agree that I will not disclose such Classified Information (as defined in the Order) to anyone other than my staff and other than for purposes of this Matter and as permitted under the Order, and that at the conclusion of this Matter, I will either destroy or return all information to the party or attorney from whom I received it. I will instruct my staff not to disclose the Classified Information. I agree that I will not disclose Attorneys-Eyes Only Material beyond the scope set forth in the Order. By acknowledging these obligations under the Order, I understand that I have submitted myself to the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division for the purpose of enforcement of the Order.

DATED: _____      BY:

_____
Signature

_____
Title

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email Address