IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and JACQUELINE HOLMES, individually and on behalf of a class of similarly situated individuals, § § § § § PLAINTIFFS § § V. § TITLEMAX, INC., TITLEMAX § HOLDINGS, LLC, TMX FINANCE, LLC, § TMX FINANCE HOLDINGS, INC. and § TITLEMAX OF TEXAS, INC., § § DEFENDANTS § | | No. 5:14-CV-628-RP |

**ORDER**

Before the Court are Defendant TitleMax Finance Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(B)(2), filed October 6, 2014 (Clerk's Dkt. #6), and Defendant TMX Finance LLC f/k/a/ TitleMax Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(B)(2), filed October 6, 2014 (Clerk's Dkt. #7). The motions were referred to United State Magistrate Judge Henry J. Bemporad for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Magistrate Judge Bemporad filed his Report and Recommendation on June 17, 2015 (Clerk's Dkt. #54), recommending the Court grant TitleMax Finance Corp.'s motion to dismiss and deny TMX Finance LLC f/k/a/ TitleMax Holdings, LLC's motion to dismiss.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, and thereby secure a de novo review by the district court. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass 'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Objections to the Report and Recommendation were due July 1, 2015. To date, no objections have been filed with respect to Judge Bemporad's findings of fact and conclusions of law regarding TitleMax Finance Corp.'s motion to dismiss. The Court, having reviewed the entire record and finding no plain error, accepts and adopts Judge Bemporad's Report and Recommendation as it applies to TitleMax Finance Corp.'s motion to dismiss for substantially the reasons stated therein.

On July 1, 2015, TMX Finance LLC f/k/a/ TitleMax Holdings, LLC (referred to herein as "TMX") filed its Objection to the Report and Recommendation of the United States Magistrate Judge (Clerk's Dkt. #61), objecting to the recommendation that its motion to dismiss be denied. Plaintiffs filed their Response to Objection to Magistrate Judge's June 7, 2015 Report Regarding Jurisdiction over TMX Finance on July 15, 2015 (Clerk's Dkt. #68). In light of TMX's objections, the Court has undertaken a de novo review of the entire case file in this action and finds Judge Bemporad's Report and Recommendation with respect to TMX's motion to dismiss is correct and should be approved and accepted for substantially the reasons stated therein.

Plaintiffs bring this class action lawsuit under the Driver's Protection Act, 18 U.S.C. §§ 2721, et seq., alleging Defendants impermissibly obtained state motor vehicle records for the purpose of soliciting customers. TMX seeks to be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. After reviewing the totality of the evidence and applying the applicable legal standards, Judge Bemporad found TMX's contacts with the state of Texas sufficient to confer personal jurisdiction and the exercise of such jurisdiction to be reasonable. Accordingly, Judge Bemporad recommended TMX's motion to dismiss be denied.

In its objections, TMX reasserts arguments raised in support of its motion to dismiss, all of which are addressed in the Report and Recommendation.  In addition, TMX challenges the evidence relied upon by the magistrate judge as hearsay and/or irrelevant.  When, as in the present case, a court rules on a Rule 12(b)(2) motion without an evidentiary hearing, "the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor."  *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).  Whether the evidence submitted to establish such prima facie case will ultimately be admissible at trial is not relevant at this stage of the proceedings.  *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 888 (Fed. Cir. 2008); *Francis v. API Tech. Servs., LLC*, 2014 U.S. Dist. LEXIS 127129 at 5 (E.D. Tex. Sept. 11, 2014).  Moreover, an adverse jurisdictional determination at this stage does not preclude TMX from holding Plaintiffs to their "ultimate burden at trial of establishing contested jurisdictional facts by a preponderance of the evidence."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009).

Having reviewed the evidence, this Court agrees with Judge Bemporad's determination that, when considered in its totality and resolving any conflicts in Plaintiff's favor, the evidence is sufficient to present a prima facie case that this Court has personal jurisdiction over TMX.  The Court also agrees with Judge Bemporad's finding that the exercise of such jurisdiction would not be unfair or unreasonable.

This Court finds Judge Bemporad's analysis and recommendations with respect to TMX's motion to dismiss to be correct.  Accordingly, TMX's objections are overruled.

Therefore, the Court hereby **ORDERS** that Defendant TMX Finance LLC f/k/a/ TitleMax Holdings, LLC's Objection to the Report and Recommendation of the United States Magistrate Judge (Clerk's Dkt. #61) is **OVERRULED**.

The Court further **ORDERS** that the Report and Recommendation of the United States

Magistrate Judge (Clerk's Dkt. #54) is **APPROVED AND ACCEPTED**.

Accordingly, **IT IS ORDERED** TitleMax Finance Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(B)(2) (Clerk's Dkt. #6) is hereby **GRANTED**, and Defendant TitleMax Finance Corp. is hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** Defendant TMX Finance LLC f/k/a/ TitleMax Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(B)(2) (Clerk's Dkt. #7) is hereby **DENIED**.

**SIGNED** on July 23, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE