IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and<br>JACQUELINE HOLMES,<br><br>        Plaintiffs,<br><br>v.<br><br>TITLEMAX, INC., TITLEMAX<br>HOLDINGS, LLC, TMX FINANCE,<br>LLC, TMX FINANCE HOLDINGS,<br>INC., TITLEMAX OF TEXAS, INC.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:14-CV-628 RP |

**<u>ORDER</u>**

Before the Court is Defendants' Objection, filed September 28, 2015 (Dkt. 96), to Magistrate Judge Henry Bemporad's Order, entered September 14, 2015 (Dkt. 92), permitting Plaintiffs to amend their complaint. Defendants also object to the Magistrate Judge's Order, entered September 14, 2015 (Dkt. 94), compelling Defendants to produce discovery responses related to new allegations in the amended complaint. After a review of the file in this action, the Court finds that the Magistrate Judge's orders were proper.

A magistrate judge's ruling on a non-dispositive matter should be set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A scheduling order was entered on November 10, 2014. (Scheduling and Docket Control Order for Class-Certification Phase, Dkt. 18.) Pursuant to that order, the deadline for parties to file any motion seeking leave to amend pleadings or join parties was January 5, 2015. (*Id.*) Moreover, the order states that "[p]arties filing motions after the deadlines in this section must show good cause." (*Id.*) Defendants now argue that the Magistrate Judge should not have allowed Plaintiffs to file an amended complaint after the January 5, 2015 deadline.

Defendants contend that Federal Rule of Civil Procedure 16(b)(4) requires that Plaintiffs show good cause before being granted leave to amend their complaint contrary to an existing scheduling order.[1] (Order 2, Dkt. 92.) The Magistrate Judge applied this standard and found good cause to allow the amendment. (*Id.*) Specifically, the Magistrate noted that the Court only recently ruled on several jurisdictional matters and that the case is still at the class-certification stage. (*Id.*) Moreover, the Magistrate incorporated the "other reasons set out in Plaintiff's Motion." (*Id.*) Accordingly, the Magistrate Judge's finding that good cause existed to allow Plaintiffs to amend their complaint is not clearly erroneous.

Defendants' objection is **OVERRULED**.

**SIGNED** on October 13, 2015.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Even though the Magistrate Judge applied both Rule 16(b)(4) and the more lenient Rule 15(a), the Court finds that the Magistrate would have been within his discretion to only apply Rule 15(a). The Magistrate "recognized in open court that all deadlines had been taken off the calendar, thus negating the need for Plaintiffs to meet the standard of Rule 16(b), which only applies when a scheduling order deadline has expired." (Plfs.' Am. Resp. 2, Dkt. 105.)