IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals*, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | 5:14-CV-628-RP |
| TITLEMAX, INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-styled cause are Defendants' Motion to Stay Consideration of Objections and Objections to Order Denying Rule 56(d) Motion. (Dkt. 278). Having reviewed the parties' filings and the extensive record, the Court finds that the objections should be overruled.

## BACKGROUND

This case is a class action concerning Defendants' alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, *et seq*. Though initially filed in July 2014, a class was only certified in this matter on November 21, 2016. (*See* Order Adopting R. & R., Dkt. 243). Days later, on November 30, 2016, the parties filed a joint notice informing the Court that Plaintiff intended to file a motion for summary judgment and that Defendants would oppose the motion as premature pursuant to Rule 56(d), complaining that no discovery had taken place on the merits.

Plaintiff filed his motion for summary judgment a month later, on December 28, 2016. Two weeks later—on the last day to respond to Plaintiff's motion—Defendants filed an unopposed motion for an extension of time to respond. The reason for seeking the extension was not to conduct additional discovery pursuant to Rule 56(d), but rather to engage in a second mediation after a first attempt failed. (*See* Mot. Cancel Mediation, Dkt. 258, at 1). United States Magistrate Judge Henry Bemporad granted Defendants' request to extend the deadline to fourteen days after

the mediation. (*See* Order, Dkt. 258). Plaintiff informed the Magistrate Court that the second mediation failed on February 22, 2017, making the deadline for Defendants to respond to Plaintiff's summary judgment motion March 8, 2017.

Defendants filed their response to Plaintiff's motion on March, 8, 2017, and also filed a motion to continue consideration of the summary judgment motion for an unspecified period of time so that Defendants could conduct discovery on several topics. (*See* Response, Dkt. 272; Rule 56(d) Mot., Dkt. 271). These topics included: (1) whether the employees identified in Plaintiff's summary judgment motion acted within the scope of their employment; (2) whether the employees misused access to driver records or acted willfully; (3) whether the employees engaged in criminal conduct; (4) the identity of the individuals who created a list of vehicle owners; and (5) the extent of any class member's actual damages. (Rule 56(d) Mot., Dkt. 271, at 2–4).

The Magistrate Judge denied Defendants' Rule 56(d) motion on March 10, 2017. (Order Denying Mot., Dkt. 275). He found as to the first four topics that Defendants had not diligently sought discovery despite knowing of the relevant evidence for more than a year. (*Id.* at 2–3). He also pointed out that Defendants had not explained why they had sought a continuance after previously seeking an extension of time to respond. Additionally, the Magistrate Judge found discovery into the issue of actual damages to be futile as the class was not seeking actual damages.

Defendants thereafter filed a motion to reconsider the denial before the Magistrate Judge and simultaneously filed objections to the Magistrate Judge's order before this Court along with a request to stay consideration of those objections until the Magistrate Judge ruled on their motion for reconsideration. The Magistrate Judge issued an order denying Defendants' motion for reconsideration as moot following his issuance of a Report and Recommendation on Plaintiff's motion for summary judgment. This Court therefore finds it appropriate to consider Defendants' objections at this time.

2

**LEGAL STANDARD**

"Courts are authorized under Rule 56(d) to defer ruling on a summary judgment motion and allow discovery, but 'Rule 56 does not require that *any* discovery take place before summary judgment can be granted.'" *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (quoting *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005)). "[D]eferring summary judgment and ordering discovery is appropriate only if the 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Id.* (quoting Fed. R. Civ. P. 56(d)). "A party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). Rather, the party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "If the requesting party 'has not diligently pursued discovery, however, [it] is not entitled to relief' under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014). The court's disposition of a Rule 56(d) motion is reviewed for abuse of discretion. *Raby*, 600 F.3d at 561.

**DISCUSSION**

Defendants assert three primary arguments in their objections to the Magistrate Court's order. First, they insist that the Magistrate Court had bifurcated discovery and that Defendants therefore had no opportunity to conduct merits-based discovery. Second, Defendants reiterate the need for discovery as to the five topics mentioned above. Finally, Defendants argue that their actions in asking for additional time to respond only to file a rule 56(d) motion were not inconsistent with their purported need for discovery. The Court first addresses the applicable standard of review before turning to Defendants' arguments.

3

1.  **Applicable Standard of Review**

Federal Rule of Civil Procedure 72 provides that a district court reviews objections to a magistrate judge's order under a "clearly erroneous or contrary to law" standard if the matter is non-dispositive, and under a *de novo* standard if a party objects to a magistrate judge's report and recommendation on a dispositive matter. Fed. R. Civ. P. 72. Defendant suggests that this Court should review *de novo* the Magistrate Court's order denying Defendants' Rule 56(d) motion—which is non-dispositive—on the ground that it is related to Plaintiff's motion for summary judgment—a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This Court disagrees.

Neither the federal rule nor the relevant statute contains any exception to the "clearly erroneous" standard for non-dispositive matters that may relate to dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A). In fact, such an exception runs counter to the text of the statute, which provides that "a judge may designate a magistrate judge to hear and determine *any* pretrial matter" except those specifically enumerated—a list that does not include Rule 56(d) motions—and that such matters may be reconsidered if the magistrate judge's order is "clearly erroneous or contrary to law." *See id.* (emphasis added). This Court will not add to those limited statutory exceptions. As it appears Defendants do not dispute that the Rule 56(d) motion is non-dispositive, this Court will set aside the Magistrate Judge's order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[1]

2.  **Purported Bifurcation**

Defendants assert that they never had an opportunity to conduct necessary discovery because they had relied on the purported bifurcation of discovery in this matter between a class-certification phase and a merits phase. Accordingly, Defendants argue, they did not lack diligence in seeking merits discovery.

---

[1] As the discussion below makes clear, *de novo* review would not alter the outcome.

This argument fails to persuade the Court for several reasons. First, Defendants did not raise the issue of bifurcation before Judge Bemporad—the individual best positioned to consider whether he indeed ordered any bifurcation in this case. (*See generally* Rule 56(d) Mot., Dkt. 271). A party ordinarily waives the arguments it does not raise before the magistrate judge assigned to the matter. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994).[2] Defendants had all the information necessary to raise this argument before Judge Bemporad—and plenty of time to do so as well, considering Defendants filed their Rule 56(d) motion more than ten weeks after Plaintiff filed his motion for summary judgment. Defendants have presented no reason for not raising the argument previously, so the Court deems it waived.

Second, even if the Court were to consider the argument, it would provide no basis for vacating Judge Bemporad's order. Defendants cobble their argument together from certain orders on the docket and other statements made by Judge Bemporad in a hearing concerning scheduling and Plaintiff's motion to compel. First, Defendants point to a scheduling order entered on November 10, 2014, which provided that it governed the "class-certification phase" of the litigation and imposed a deadline of August 4, 2015, to complete class-certification discovery. (*See* Scheduling Order, Dkt. 18). The order provided that a further order would be issued following class certification to set other deadlines. (*Id.* at 1).

Defendants next quote a few passages from a transcript of a hearing, held July 6, 2015, before Judge Bemporad. It appears that, by the time of that hearing, the parties and the Magistrate Court felt that the November 10, 2014, scheduling order no longer governed. (*See* Tr. of Status

---

[2] While *Cupit* concerned objections to a magistrate judge's report and recommendation, *see Cupit*, 28 F.3d at 535, this Court agrees with other district courts within this circuit that have held that the rule applies equally to objections to a magistrate judge's order on a non-dispositive matter. *See Turpin v. Cooper Tire & Rubber Co.*, Civil Action No. 12-2007, 2012 WL 6705816, at *3 (W.D. La. Dec. 21, 2012); *Kovesdi v. Allstate Indem. Co.*, Civil Action No. 10-697, 2010 WL 4553504, at *2 (E.D. La. Nov. 2, 2010). This view is consistent with both the more limited scope of review of non-dispositive orders and the congressional purpose of fostering efficiency through references to magistrate judges. *See Kovesdi*, 2010 WL 4553504, at *2.

Conference, Dkt. 278-1, at 32:11-16). Judge Bemporad therefore expressed concern about the lack of deadlines in the case and sought input from the parties on the issue. (*Id.* at 32:5-23). One question raised in particular was whether the parties wished to conduct merits discovery and class discovery at the same time. (*Id.* at 32:19-21). Judge Bemporad and each of the parties acknowledged the substantial overlap between the two classes of discovery and recognized the potential for inefficiency in handling them separately. (*Id.* at 35:22–38:18). In order to secure firm deadlines, Judge Bemporad then ordered the parties to submit a proposed scheduling order setting out deadlines up to the point of class certification. (*Id.* at 39:22–40:13). He added that it was his hope that the parties could work out merits discovery by agreement as the litigation progressed toward class certification. (*Id.* at 40:18-20).

The final item Defendants highlight is the scheduling order entered on July 21, 2015, which adopted the parties' joint proposal following the hearing on July 6, 2015. This order is entitled "Phase I Scheduling Order" and imposes a deadline of November 20, 2015, to complete class-certification discovery. (Scheduling Order, Dkt. 73). It does not mention merits discovery.

The fundamental flaw with Defendants' argument is that the cited orders and statements concerned only the deadlines by which class-certification discovery would be completed to enable briefing and a ruling on that issue. Deadlines set the date on which discovery ends, but say nothing about when discovery may begin. In the absence of a court order, the Federal Rules control that latter question. *See* Fed. R. Civ. P. 26. "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," provided they do not seek it prior to the time of the parties' Rule 26(f) conference, which must take place twenty-one days before a scheduling conference is to be held or a scheduling order is due. Fed. R. Civ. P. 26(b), (d), (f). Defendants have pointed to no court order limiting discovery to class-certification issues. Though the July 21, 2015, scheduling order sets a deadline for class-certification

discovery, it does not say that the parties may not also conduct merits discovery. Indeed, Judge Bemporad's statement that the parties should work out merits discovery by agreement forecloses any argument that he intended to limit the parties' access to merits discovery.

To the extent the July 2015 scheduling order could be seen as limiting the scope of discovery, there would have been no reason to assume this limitation survived the issuance of the Report and Recommendation on the issue of class certification, (Dkt. 233), or, at the latest, the order of this Court adopting that Report and Recommendation. (Dkt. 243). As stated above, the Federal Rules assume that the parties are entitled to conduct discovery in the absence of a court order, not that they must refrain from discovery until authorized. *See* Fed. R. Civ. P. 26. It is therefore irrelevant that no further order set the deadline by which the parties must complete merits discovery.

As merits discovery was at all times available to the Defendants, the Magistrate Court did not err in concluding that Defendants' failure to seek evidence—and from their own employees, at that—constituted a lack of diligence. Even if Defendants relied on an erroneous assumption that the scope of discovery had been limited, Defendants have offered no reasonable explanation why they did not seek the necessary evidence following the Court's approval of class certification. This lack of diligence is particularly striking given that Plaintiff's intent to file a motion for summary judgment was announced to the Court in a joint filing on November 30, 2016. Despite indicating their intent to file a Rule 56(d) motion in that notice, Defendants waited more than three months to take any action to broach the issue of discovery, eventually presenting the Magistrate Court with a Rule 56(d) motion and declaration devoid of any fact indicating that Defendants had at any point since July 11, 2014, acted diligently to secure the evidence they needed. The Magistrate Court correctly found that this unexplained lack of diligence undermined Defendants' entitlement to relief under Rule 56(d). *See McKay*, 751 F.3d at 700.

## 2. Defendant's Reurged Arguments

Defendants reassert their arguments that they are entitled to seek discovery with regard to the five topics listed above. As previously discussed, the Magistrate Court denied Defendants' request as to the first four topics on the basis of Defendants' lack of diligence. Having concluded that the Magistrate Court did not err in reaching this conclusion, this Court need not address these four topics further.

As to the fifth topic—actual damages—the Magistrate Court concluded that proof of such damages is irrelevant because Plaintiff seeks only liquidated damages. (*See* Order, Dkt. 275, at 3). Indeed, Plaintiff does not purport to offer evidence of actual damages to support his motion for summary judgment but asserts instead that there is "no damage issue for a jury to determine." (Mot. Summ. J., Dkt. 254, at 14). Arguing that actual damages are a prerequisite to recovery under the DPPA, Defendants contend that "[t]he Magistrate Judge erred in finding additional discovery on [actual damages] futile" and that "[Defendants] are entitled to determine whether actual damages exist and thereby justify its opposition to Plaintiff's motion for summary judgment." (Defs.' Obj., Dkt 278, at 11). This Court agrees with the Magistrate Court that discovery on the issue of actual damages would be futile.

Courts have split over whether a plaintiff must show actual damages resulting from a violation of the DPPA in order to be entitled to recover liquidated damages under the statute. *Compare Potocnik v. Carlson*, No. 13-CV-2093, 2016 WL 3919950, at *10 (D. Minn. July 15, 2016) (finding no independent authority to award liquidated damages in the absence of actual damages), *with Pichler v. UNITE*, 542 F.3d 380, 398 (3d Cir. 2008) (finding showing of actual damages unnecessary).[3] However, the controversy is one of statutory interpretation and is thus an issue of

---
[3] In their objections, Defendants rely on *Schmidt v. Multimedia Holdings Corp.*, 361 F. Supp. 2d 1346 (M.D. Fla. 2004), to support their argument concerning actual damages. (Defs.' Obj., Dkt. 278, at 11). However, they failed to mention that the Eleventh Circuit expressly abrogated *Schmidt* on the

law, not one of fact. If the Court accepts the outstanding Report and Recommendation of the Magistrate Court, which finds that the DPPA does not require a showing of actual damages, then evidence of the class's actual damages is irrelevant because Plaintiff seeks only liquidated damages. If, on the other hand, this Court finds that actual damages must be shown, Plaintiff, as the summary judgment movant, would bear the burden of providing evidence of damages. Because Plaintiff has provided none, Defendants need no evidence to oppose Plaintiff's motion—the Court would be required to deny the motion for failure to meet its initial burden. *See John v. State of La. (Bd. of Trs. For State Colls. And Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985) ("If the moving party fails to discharge this burden, summary judgment must be denied—even if the nonmoving party has not responded to the motion.").

Because the Court's resolution of the legal question of statutory construction renders evidence of actual damages either irrelevant to the case or unnecessary to Defendants' opposition to the Plaintiff's motion for summary judgment, the Magistrate Court did not err in denying further discovery on this issue on the basis that it would be futile.

**3.      Extension of Time to Respond**

Defendants lastly complain that "the Magistrate Judge erred in basing his ruling on a stated concern that [Defendants] inconsistently sought to defer ruling on the summary judgment motion after requesting an extension to respond." (Defs.' Obj., Dkt. 278, at 12). Defendants argue that there is no inconsistency: they believe that the Plaintiff's summary judgment motion is facially deficient

---

very point for which Defendants advance it as authority. *See Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1212 n.2 (11th Cir. 2005). Defense counsel's "loose" characterizations of facts and findings have previously raised the concern of both this Court and the Magistrate Court. (*See* Order Adopting R. & R., Dkt. 243 (noting the Magistrate Court's admonition concerning unsupported accusations of perjury as well as plain misrepresentations of the Magistrate Court's findings in Defendants' objections to the Report and Recommendation on class certification)). Whether the use of expressly abrogated authority in this instance was intentional or simply a negligent oversight, defense counsel is strongly advised to exercise greater caution in future litigation before this Court to ensure compliance with their duty of candor.

9

for the reasons identified in their opposition, but that allowing more time to conduct discovery will enable them to "produce additional evidence" to justify their position. (*Id.*).

Defendants' argument is not persuasive. Relief under Rule 56(d) is only available when "a nonmovant shows by affidavit or declaration that, for specified reasons, it *cannot* present facts *essential* to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added). In other words, its purpose is not to allow parties to defer adjudication of a motion so that they may bolster their opposition with evidence they neglected to retrieve earlier. Rather, it is to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Defendants' argument makes clear their belief that they have adequately opposed Plaintiff's motion. (Defs.' Obj. Dkt. 278, at 12 ("To be clear, summary judgment should be denied due to legal deficiencies contain in Plaintiffs' motion as well as disputed issues of fact that appear from the limited evidence Plaintiffs have cited.")).

Additionally, this Court finds no error in the Magistrate Court's considering the timing of Defendants' Rule 56(d) motion as bearing on Defendants' diligence. As discussed at length above, no court order placed any limits on merits discovery prior to class certification; it was left to the parties to work out by agreement as of July 6, 2015. (Tr. of Status Conference, Dkt. 278-1, 40:18-20). A class was officially certified on November 16, 2016, removing any doubt that the case would progress into consideration of the merits. (*See* Order Adopting R. & R., Dkt. 243). Plaintiff announced his intent to move for summary judgment on November 30, 2016, and did so on December 28, 2016. (*See* Joint Advisory, Dkt. 247; Mot. Summ. J., Dkt. 254). Despite having ample time to clarify the scope of discovery after November 16, 2016, or to file a Rule 56(d) motion after December 28, 2016, Defendants waited until March 8, 2017—the final day to respond to Plaintiff's motion following an extension granted upon Defendants' request—to file their brief, four-page Rule 56(d) motion. Defendants filed their twenty-page opposition to the Plaintiff's motion five minutes

10

later.[4] Defendants never explained why they did not take advantage of clearly evident opportunities to act sooner so as to minimize further delays in this aging case.[5] In this circumstance, the Magistrate Court permissibly considered Defendants' unexplained delay to be probative of a lack of diligence.

This Court also rejects any suggestion of error in the Magistrate Court's consideration of Defendant's conduct in previously seeking an extension of time to respond to Plaintiff's summary judgment motion. Defendants neglect to mention that their extended deadline to respond was precisely what they had requested. (*See* Mot., Dkt. 256, at 2; Order, Dkt. 258). Defendants had access to Plaintiff's summary judgment motion for two weeks by the time they sought the extension. This was more than enough time for Defendants to identify the need for discovery and request an appropriate extension to accommodate it.[6] Defendants still have not explained why they did not do so. Nor do they even suggest that they used any portion of that lengthy extension to diligently seek the evidence they now purport to need. This conduct inspires the firm impression that the Rule 56(d) motion arose from either a lack of diligence or a desire to delay the proceedings—and the Magistrate Court generously found the former—but not from a need for essential discovery that was inaccessible to the Defendants in spite of due diligence.

In sum, the Magistrate Court correctly considered Defendants' prior motion for an extension as part of a course of conduct evidencing a lack of diligence in seeking discovery.

## CONCLUSION

For the foregoing reasons, Defendants have failed to persuade the Court that the Magistrate Court's order is clearly erroneous or contrary to law.

---

[4] The notices of electronic filing generated by the Court's Electronic Case Filing system indicate that Defendants filed their Rule 56(d) motion and opposition to Plaintiff's motion for summary judgment at 7:49 PM and 7:54 PM, respectively, on March 8, 2017.
[5] Unreasonable delay has been a longstanding concern in this litigation. (Tr. of Status Conference, Dkt. 278-1 at 31:7-8 ("I will tell you what the court's greatest concern is. It's delay. We are a year into this case, and we haven't even started getting to the class issue, let alone the merits issue.")).
[6] In fact, the Local Rules ordinarily require a fully supported response to be filed by that time. *See* Local Rule CV-7(e)(2).

**IT IS THEREFORE ORDERED** that Defendant's Objections to Order Denying Rule 56(d) Motion are **OVERRULED**. (Dkt. 278). The Court will proceed to consider any objections to the Magistrate Court's Report and Recommendation concerning the Plaintiff's motion for summary judgment. (Dkt. 288).

**SIGNED** on June 2, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE