# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-RP |
| TITLEMAX Inc., *et al.,* | § § | |
| Defendants. | § § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement, including all attached exhibits ("Agreement") is made and entered this 4th Day of October, 2017 ("Execution Date"), by and among defendant TitleMax of Texas, Inc. and TMX Finance LLC f/k/a TitleMax Holdings, LLC (collectively, "Defendants"), and plaintiff/class representative Dexter Sistrunk ("Sistrunk"), both in his individual capacity and on behalf of a class of similarly situated individuals as defined below ("Plaintiff").

WHEREAS, Sistrunk is prosecuting the above-captioned lawsuit ("Action") on his own behalf and on behalf of all persons similarly situated against Defendants;

WHEREAS, Plaintiff alleges that Defendants obtained information and records regarding Plaintiffs in violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2722 et. seq.;

WHEREAS, Defendants deny Plaintiff's allegations, and despite Defendants' belief that they have strong defenses to the claims alleged, Defendants have nevertheless agreed to enter into this Agreement to avoid further expenses, inconvenience, and the uncertainty and distraction of protracted litigation;

WHEREAS, on November 16, 2017, the Court adopted the recommendation of the Magistrate Judge to grant Plaintiff's Motion for Class Certification, and ordered that this Action proceed as a class action pursuant to Federal Rule of Civil Procedure 23 with Sistrunk as Class Representative, and Cory Fein as Class Counsel;

WHEREAS, on August 17, 2017, the Court approved and accepted the recommendation of the Magistrate Judge to grant Plaintiff's Motion for Summary Judgment, which order is subject to a timely motion under Rule 59(e);

WHEREAS, Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Action, have conducted discovery, and have concluded that a settlement with Defendants according to the terms set forth below is in the best interest of Plaintiff and the other Class Members as defined below;

WHEREAS, after extensive arms-length negotiations and three formal mediations, the Parties have agreed that there should be a global settlement of all of the Released Claims, as defined below;

WHEREAS, on September 19, 2017, the Parties signed a Settlement Memorandum of Understanding ("MOU") containing the essential Settlement terms, but agreed to prepare and sign a more detailed settlement agreement consistent with the terms of the MOU; and

WHEREAS, this document sets forth the terms of the Parties' Agreement.

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth in this Settlement Agreement and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed with prejudice as to Defendants, subject to the approval of the Court, on the following terms and conditions.

1.    **DEFINITIONS**

The following terms, as used in this Agreement, have the following meanings:

1.1    "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for (1) preparing and sending the Settlement Notice, (2) receipt and adjudication of claims submitted by Settlement Class Members for compensation under the Settlement, (3) preparing status reports to the Parties, (4) distributing Settlement Checks to Eligible Class Members who timely submit Valid Claims, and (5) the prior expenses incurred by the Settlement Administrator as reflected on Invoice No. 17-2210 from Rust Consulting to Cory Fein dated October 10, 2017, totaling $26,631.84.  Administration Expenses shall also include any fees and expenses charged by the Neutral Evaluator in connection with her work in reviewing Claims.

1.2    "Claim Form" means the document to be completed and submitted by Eligible Class Members to make a claim for payment.  A sample Claim Form is attached as Exhibit E.

1.3    "Claims Administration Process" is the process by which the identities of members of the Settlement Class will be determined and verified.  Class Counsel and Defendants' Counsel each agree to keep all information about the settlement administration process—including without limitation all information received pursuant to Section 4 of this Agreement, such as claims reports, information concerning opt outs, and the Class List confidential and may use it only for purposes of effectuating this Agreement. Notwithstanding the foregoing, as required by the Court or to effectuate the intent of this Agreement, the Parties may disclose: Opt-outs, Objections, Claims and other documents as necessary to enforce the

terms and conditions of this Agreement.  A description of the Claims Administration Process is contained in Section 4, below.

1.4    The "Class" is defined as:

All persons whose name and address were obtained by Defendants from a Texas motor vehicle record through searching PublicData.com and/or DataTrax websites, as indicated by their inclusion on a Vehicle Owner List filed in this case under seal at Docket Nos. 150-3 through 150-9; 150-16 through 150-35; Dkt. Nos. 152-2 through 152-11; and Dkt. Nos. 180-3 and 180-4.

1.5    "Class Counsel" shall refer to:

- Cory S. Fein
  Cory Fein Law Firm,
  712 Main Street, Suite 800
  Houston, TX 77002

- Ricardo G. Cedillo
  Les J. Strieber III
  Davis, Cedillo & Mendoza, Inc.
  McCombs Plaza, Suite 500
  755 E. Mulberry Street
  San Antonio, TX 78212

- Michael E. Pierce
  Pierce Skrabanek, PLLC
  3701 Kirby Drive, Suite 760
  Houston, TX 77098

1.6    "Class List" is a list of all Class Members as prepared by the Settlement Administrator.

1.7    "Class Member" means each member of the Class as certified by the Court in its order of November 16, 2016.  The Parties and Counsel agree that the identity of any and all Class Members, except those Class Members who file an objection to this Settlement, shall remain confidential and shall not be disclosed to any third party.

1.8     "Class Period" means the period beginning January 1, 2012, through August 17, 2017.

1.9     "Class Representative" means Sistrunk, as representative party on behalf of all members of the Class.

1.10    "Counsel" means both Class Counsel and Counsel for TitleMax of Texas, Inc. and TMX Finance LLC f/k/a TitleMax Holdings, LLC.

1.11    "Court" means the U.S. District Court for the Western District of Texas.

1.12    "Effective Date" means the date as defined in paragraph 2.4 below.

1.13    "Eligible Class Member" means a Settlement Class Member who submits a Valid Claim.

1.14    "Excluded Claims" means Released Claims that belong to Excluded Class Members. Excluded Claims are not settled by this Agreement.

1.15    "Excluded Class Member" means a Class Member who submits a timely and valid request for exclusion in accordance with the Notice of Proposed Class Settlement. Such requests for exclusion shall apply to all of the Released Claims that a given Excluded Class Member has against the Released Parties.

1.16    "Execution Date" means the first date that appears on this Agreement.

1.17    "Defendants Counsel" means:

- L. Bradley Hancock
  Holland & Knight LLP
  1100 Louisiana Street
  Suite 4300
  Houston, TX 77002

- Martin G. Durkin
  Holland & Knight LLP
  131 South Dearborn Street
  30th Floor

5

Chicago, IL 60603

- Marcy Hogan Greer
  Alexander Dubose Jefferson & Townsend LLP
  515 Congress Avenue
  Suite 2350
  Austin, TX 78701

- Roger D. Townsend
  Alexander Dubose Jefferson & Townsend LLP
  1844 Harvard Street
  Houston, TX 77008

1.18    "Final Approval Order" means an order granting final approval to the Settlement

and entry of final judgment, to be entered by the Court.

1.19    "Final Claims Date" means the date that the Preliminary Approval Order

establishes as the date on or before which all Claim Forms must be placed in the United States

Mail with first-class postage, addressed to the Settlement Administrator, and postmarked by the

U.S. Postal Service to qualify as a Valid Claim.

1.20    "Final Judgment" means a final judgment to be entered in this Action by the

United States District Court for the Western District of Texas, substantially in the form attached

as Exhibit D.

1.21    "Neutral Evaluator" means the Honorable Susan Soussan, whom the Parties

designate to serve as a binding arbiter of any disagreements that might arise concerning the

status of any person as a Settlement Class Member and/or the amount, if any, due to any person

under the terms of the Final Settlement.

1.22    "Notice of Proposed Class Settlement" means the notice of this Settlement

Agreement and of the Settlement Hearing substantially in the form of Exhibit C that is to be

made available to all potential Class Members pursuant to paragraph 2.2 below.

1.23    "Opt-Out Period" means the period of time from the date that the Settlement Administrator disseminates the Notice of Proposed Class Settlement to three weeks prior to the Final Approval Hearing, or otherwise ordered by the Court, during which Settlement Class Members may opt out of the Settlement Class pursuant to the provisions of Section 7 below.

1.24    A "Party" or "Parties" refers to one or more of the following: Sistrunk, the Class, Class Members and/or Defendants.

1.25    "Preliminary Approval Order" means an order granting preliminary approval to the Settlement to be entered by the Court.

1.26    "Released Parties" means TitleMax of Texas, Inc., TitleMax, Inc., TitleMax Holdings, Inc., and TMX Finance LLC f/k/a TitleMax Holdings, LLC,[1] and their respective parents, subsidiaries, predecessors and successors in interest, subsidiaries, affiliates, officers and directors, assigns, subrogees, attorneys, employees, retained experts, consultants, and representatives.

1.27    "Releasors" and "Plaintiffs" shall refer jointly and severally, individually and collectively, to Sistrunk, and the Settlement Class Members, as well as all of their heirs, assigns and successors, including, but not limited to, parents, subsidiaries, predecessors, affiliates, officers, assigns, subrogees, attorneys in fact, employees, attorneys, retained experts, consultants, and representatives for any corporate Class Members.

1.28    "Released Claims" shall include, but not be limited to, any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages (including actual, consequential, statutory, and/or punitive or exemplary damages), injuries, attorneys' fees, pre-and post-judgment interest, costs, expenses, debts,

---

[1] TitleMax, Inc. and TitleMax Holdings, Inc. are not actual entities, but were listed in Plaintiff's pleadings.  To the extent they could be construed as affiliates of the actual Defendants, they are included as Released Parties.

liabilities, judgments, or remedies of any kind or nature, recoverable now or at any later time under applicable law, through the Effective Date of this Agreement, whether known or unknown, pending or threatened, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, that have been or could have been asserted, in any way arising out of or relating to the claims or the allegations made in the Action and/or certified by the Trial Court. This definition further includes, but is not limited to, all claims, demands, and causes of action, that Plaintiffs may have now or in the future by virtue of assignment or otherwise, arising out of the manner in which Defendants and their counsel handled, settled, or defended any claims, demands, or causes of action asserted by Plaintiffs. Each Releasor also expressly and irrevocably waives and releases, any and all defenses, rights, and benefits that each Releasor has or may have or that may be derived from provisions of applicable law that, absent such waiver, may limit the extent or effect of the release set forth in this Settlement Agreement. The term "Released Claims" also includes all claims that were raised or that could have been raised in this Action, including, but not limited to, the allegations contained in the pleadings, motions, disclosures, interrogatory responses, and/or other documents filed or exchanged in the Action, including without limitation, the following: claims/issues concerning or related to allegations that Defendants or Defendants' employees obtained information and records regarding Plaintiffs and Class Members in violation of the Drivers Privacy Protection Act, ("DPPA"), 18 U.S.C. § 2722 et. seq.

     1.29    "Settlement" means the class settlement provided for in this Agreement.

     1.30    The "Settlement Administrator" is Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota, 55402-2469, Phone: (612) 359-2000.

1.31    "Settlement Check" means a check made payable to Settlement Class Members who submit timely Valid Claim Forms. All Settlement Checks shall be valid and negotiable for one-hundred twenty (120) days after they are mailed by the Settlement Administrator.

1.32    "Settlement Class Members" means all Class Members except for Excluded Class Member(s).

1.33    "Settlement Hearing" means the hearing to be held by the United States District Court for the Western District of Texas: (a) to determine whether this Settlement Agreement and the attached exhibits, should be approved as fair, reasonable, and adequate; (b) to hear Class Counsel's Motion for Award of Attorneys' Fees and Expenses; and (c) to determine whether to grant final approval to this Agreement.

1.34    "Valid Claim" means a completed Claim Form, including all required attachments, that is submitted within the time period allowed for submission of claims by or on behalf of a Class Member who was alive on August 17, 2017, in accordance with the requirements of the Preliminary Approval Order, and signed under penalty of perjury by that Settlement Class Member, and contains all of the information required for that Settlement Class Member to be an Eligible Class Member.  A Valid Claim must include: (a) a completed Claim Form, Ex. D to the Agreement; (b) a completed IRS Form W-9; and (c) a legible copy of a valid government issued photo identification card.  Settlement Class Members who submit a claim that is deficient in one or more respects will be mailed a deficiency notice from the Settlement Administrator and will have 30 days after the mailing of that notice in which to cure the deficiency. If a Settlement Class Member fails to cure the deficiency within that time, the Settlement Administrator shall deem the deficient claim not to be a Valid Claim. If the deficiency is cured within that time, the claim will be considered a Valid Claim.

2.    **APPROVAL OF THIS AGREEMENT AND DISMISSAL OF CLAIMS**

2.1    Plaintiffs and Defendants shall use their best efforts to effectuate this Agreement, including cooperating in promptly seeking the Court's preliminary approval of the Settlement Agreement, approval of procedures, including the giving of class notice under Rule 23 of the Federal Rules of Civil Procedure, and the prompt, complete, and final dismissal with prejudice of the Action.

2.2    The parties shall submit to the Court a "Statement," pursuant to Rule 23(e)(3) of the Federal Rules of Civil Procedure, substantially in the form attached as Exhibit A.  Class Counsel shall file an unopposed Motion for Preliminary Approval which shall: (1) identify this Agreement and seek preliminary approval; (2) seek a setting of the Settlement Hearing (i.e. Final Fairness Hearing); and (3) request the signing of a Preliminary Approval Order, substantially in the form attached as Exhibit B. The Notice of Proposed Class Settlement shall be substantially in the form attached as Exhibit C. Individual Notices of the Proposed Class Settlement shall be mailed to all potential Settlement Class Members at the addresses by the Settlement Administrator.  Class Counsel will also submit their Motion for Award of Attorneys' Fees and Expenses, and a Class Representative Service Award to the Court as required by Sections 5 and 7.

2.3    Plaintiffs and Defendants shall jointly request that the District Court enter a new Final Judgment, substantially in the form attached as Exhibit D, and *inter alia*:

   (a)    Vacating the Court's orders and judgment of August 17, 2017 (Docket Nos. 302, 303, and 304);

   (b)    As to the Action, approving finally the Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class

Members within the meaning of Rule 23(e) of the Federal Rules of Civil

Procedure and directing its implementation according to its terms;

(c)     Directing that the Action be dismissed with prejudice, with costs to be

borne by the Party or Parties incurring same; and

(d)     Reserving exclusive jurisdiction over the Settlement Agreement and this

Agreement, including the administration and implementation of this

Settlement Agreement.

2.4     This Agreement shall become effective only when: (i) the Court has entered a

Final Judgment approving this Agreement under Rule 23(e) of the Federal Rules of Civil

Procedure and a Final Judgment, dismissing the Action against Defendants with prejudice and

without costs; and (ii) the time for appeal or to seek permission to appeal from the Court's

approval of this Agreement and (a) entry of a Final Judgment as described in clause (i) above has

expired or (b) if appealed, approval of this Agreement and the Final Judgment has been affirmed

in its entirety by the Court of last resort to which such appeal has been taken and such affirmance

has become no longer subject to further appeal or review ("Effective Date"). The Effective Date

will in no event be earlier than forty-five (45) days after the Final Judgment in this case is

entered. The Released Parties shall not be required to nor be under any obligation to provide any

payment pursuant to the Settlement Agreement set forth in Sections 4 - 5 below until after the

Effective Date.

**3.     RELEASES**

3.1     On the Effective Date, in addition to the effect of any Final Judgment entered in

accordance with this Settlement Agreement, this Settlement Agreement shall become final and

effective, and in consideration of the promises and commitments set forth in this Agreement, the

Releasors, for themselves and for the Settlement Class Members, shall RELEASE, ACQUIT and

FOREVER DISCHARGE the Released Parties from all Released Claims, and the Released

Parties shall be completely RELEASED, ACQUITTED, AND FOREVER DISCHARGED from

the Released Claims.  The Parties intend the Released Claims to be interpreted as expansively as

possible, and the release will be made by all Settlement Class Members without further action by

anyone and regardless of whether a claim form was executed or delivered by or on behalf of any

such Settlement Class Member.  Class Members who exclude themselves from the Settlement

are not bound in any way by this Settlement Agreement and cannot assert any aspect of this

Settlement Agreement, including but not limited to its existence or enforcement, against the

Released Parties.

     3.2     By executing this Agreement, the Parties acknowledge that, upon entry of the

Final Approval Order by the Court, the Action shall be dismissed with prejudice, an order of

dismissal with prejudice shall be entered, and, on the Effective Date, all Released Claims shall be

conclusively settled, compromised, satisfied, and released as to the Released Parties. The Final

Approval Order shall provide for and effect the full and final release, by Plaintiffs and all

Settlement Class Members, of all Released Claims.

     3.3     Settlement Class Members expressly waive and relinquish all rights and benefits

that they may have under, or that may be conferred upon them by, the provisions of Texas

statutory or case law, to the fullest extent that they may lawfully waive such rights or benefits

pertaining to the Released Claims. In connection with such waiver and relinquishment, the

Settlement Class Members acknowledge that they are aware that they or their attorneys may

discover claims or facts in addition to or different from those which they now know or believe to

exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever

settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against Released Parties. In furtherance of such intention, the release given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

4.    **CLAIMS ADMINISTRATION PROCESS AND SETTLEMENT TERMS FOR ALL CLASS MEMBERS**

    4.1    Verification Process and Payments Pursuant to the Settlement Agreement:

        (a)    The identities of the Settlement Class Members who may be eligible for any payment pursuant to the Settlement Agreement will be confirmed and verified through the Claims Administration Process set forth in this paragraph and paragraph 4.2, below. To be eligible for any payment under this Settlement Agreement, the Claimant must satisfy the requirements for a Settlement Class Member under paragraphs 1.4, 1.13, 1.32, 1.34, 4.1, and 4.2, including all subparts.

        (b)    Based on Docket Nos. 150-3 through 150-9; 150-16 through 150-35; Docket Nos. 152-2 through 152-11, and Docket Nos. 180-3 and 180-4, the Settlement Administrator has prepared a list of Class Members, including the address of that Class Member at the time his or her name and address were allegedly obtained from a Texas Motor Vehicle record search.

        (c)    The Settlement Administrator has used address-updating software and other reasonable means to update the Class Member addresses from the data described in paragraph 4.1 (b).  For purposes of sending Class Notice, the Settlement Administrator will update Class Member addresses as

necessary one time prior to mailing Class Notice. The Settlement

Administrator will provide that information to Defendants' Counsel and

Class Counsel.

(d)     Each Settlement Class Member whose identity has been confirmed in

accordance with paragraphs 4.1 (b) and (c) shall be mailed the Class

Notice and IRS Form W-9.

(e)     Each Settlement Class Member who submits a Valid Claim shall be

mailed, via first-class U.S. mail, postage prepaid, a Settlement Check

payable to the Class Member in the amount of One Thousand Five

Hundred dollars ($1,500.00). The endorsement block on these checks will

require positive photographic identification by the addressee in order to

cash or otherwise negotiate the checks, and the Settlement Administrator

may use Positive Pay or other similar services to best avoid against false

endorsements and errors.

(f)     Members of the Settlement Class eligible for a payment will receive a

Settlement Check within thirty (30) days after the Effective Date.

(g)     If the Eligible Class Member fails to negotiate a Settlement Check within

one hundred-twenty (120) days after its issuance, the funds owed to that

class member shall be considered "Uncashed Benefits." All Settlement

Checks will expire and be of no value upon the expiration of 120 days

from issuance.

(h)     The Settlement Administrator shall employ reasonable procedures to

screen for abuse and fraud and shall reject a Claim Form where there is

14

evidence of abuse or fraud.  Subject to the opportunity to cure deficiencies in Paragraph 1.36, the Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse.

4.2    Terms and Conditions for Payments Pursuant to the Settlement Agreement:

(a)    No payment is due to any Settlement Class Member until he or she meets the requirements of paragraphs 1.4, 1.13, 1.32, 1.34, 4.1 and 4.2, including subparts.

(b)    Claimants who do not submit a Valid Claim have no right to or interest in any relief from Defendants under the terms of the Settlement Agreement, and no debt exists between Defendants and any such claimants. The rights and interest of each Settlement Class Member shall be limited to the payment outlined in paragraphs 4.1 and 4.2, including all subparts.

(c)    A Class Member who cashes or otherwise negotiates any Settlement Check received under the Settlement Agreement is deemed to have waived his or her rights to pursue further relief against Defendants based on any of the Released Claims.

(d)    The Parties to this Settlement Agreement agree that any Party to this Settlement Agreement, counsel in any capacity in which they may act under the authority of the Settlement Agreement, and any employees or Agents of such law firms or the parties to the Settlement Agreement (including, without limitation, the Settlement Administrator and those employees and independent contractors who may furnish services in

connection with the proposed Settlement Agreement) shall not be liable for anything done or omitted in connection with the Settlement Agreement and/or the Claims Administration Process under it except for their own willful misconduct.

## 5.    SERVICE AWARD TO SISTRUNK

5.1     In addition to the payment described above in paragraph 4.1, in connection with the Plaintiff's motion for final approval of the Settlement, Class Counsel shall submit a request to the Court seeking approval for a service award to Sistrunk, as representative of the Settlement Class, in an amount not to exceed Ten Thousand Dollars ($10,000.00) to be paid by Defendants, and Five Thousand Dollars ($5,000.00) to be paid by Class Counsel.  Defendants agree that they will not oppose Plaintiff's application for a service award. If granted, Sistrunk will provide an executed IRS Form W-9 to the Settlement Administrator.  Defendants shall pay their share of the service award within 30 days after the Effective Date. The individual claims of Sistrunk are released and dismissed under this Agreement.  The consideration received by Sistrunk under this Agreement is in full satisfaction of his individual and class claims.

5.2     Except as provided in this Agreement, each Settlement Class Member shall bear his, her, or its own attorneys' fees and costs incurred in connection with any claim against Defendants.

## 6.    CHARITABLE DONATION

6.1     As an additional benefit to the Class, Defendants shall pay two hundred thousand ($200,000.00) to a non-profit organization that assists low-income Texans with financial literacy and credit counseling ("Charitable Donation").  Further, the Parties agree to a *cy pres* distribution of the sum of all Uncashed Checks to be added to the Charitable Donation.  Class Counsel and

Defendants' Counsel shall mutually agree on the entity to receive the Charitable Donation and present their joint recommendation to the Court for its approval.

**7.     FEES AND EXPENSES AND COSTS**

    7.1    Attorneys' Fees and Expenses

        (a)    Class Counsel shall prepare and file their Class Counsel's Motion for Award of Attorneys' Fees and Expenses in accordance with the schedule set by the Court; such Class Counsel's Motion for Award of Attorneys' Fees and Expenses will be heard at the Settlement Hearing; and notice of the motion and the right to object to the motion will be included in the Notice of Proposed Class Settlement. Class Counsel will be responsible for obtaining any required findings of facts and conclusions of law with regard to the motion.

        (b)    Class Counsel agree not to seek or accept an attorneys' fee award of more than One Million Five Hundred Fifty-Seven Thousand Six Hundred Seventy-Five Dollars ($1,557,675.00) and will not seek or accept an award of expenses exceeding Forty Thousand Dollars ($40,000.00), and provide a satisfaction of judgment with respect to any fee award upon receipt of the attorney's fees approved by the Court. If the Court awards more than One Million Five Hundred Fifty-Seven Thousand Six Hundred Seventy-Five Dollars ($1,557,675.00) in attorney's fees or more than Forty Thousand Dollars ($40,000.00) in expenses, Class Counsel waives and agrees not to accept any amount above these maximums.

(c)    If Attorney's Fees are approved by the Court at the Settlement Hearing, then Defendants shall pay to Class Counsel, promptly but in any event within thirty (30) days after the Effective Date, the amount of attorneys' fees and expenses, in an amount approved by the Court at the Settlement Hearing, up to a maximum of One Million Five Hundred Fifty-Seven Thousand Six Hundred Seventy Five Dollars ($1,557,675.00) for fees, and a maximum of Forty Thousand Dollars ($40,000.00) in expenses by wire transfer to Cory S. Fein PC or as otherwise directed by the Court.

7.2    Settlement Administrator's Costs

(a)    Defendants shall be responsible for all Administration Expenses as defined above, including costs and expenses associated with dissemination of the Notice of Class Certification, Notice of the Proposed Class Settlement to the Class Members, administration of the Claims Administration Process, and administration, accounting, and payments to the Class Members. Defendants shall pay the Settlement Administrator's fees for class notification, distribution of funds, and related expenses. Defendants are not, however, responsible for any cost that may be incurred by, on behalf of, or at the direction of Plaintiffs, Plaintiffs' Counsel, or Class Counsel in (a) responding to inquiries about the Agreement, Settlement, or Action; (b) defending the Agreement or Settlement against any challenges; or (c) defending against any challenge to any order or judgment entered pursuant to the Agreement.  If the Court requires additional or separate dissemination of notice to the Class Members of Class Counsel's Motion for Award of Attorneys' Fees and Expenses, Class Counsel will bear such costs and expenses associated with such.

(b)     Defendants shall also be responsible for all fees, costs and expenses of the Neutral Evaluator related to the review and approval of claims in this case.

## 8.    FINAL JUDGMENT

8.1     At the Settlement Hearing, a Final Judgment, substantially in the form attached as Exhibit D, will be submitted to the Court and entry requested. The Parties also specifically agree that the exclusive venue for any dispute arising under this Settlement Agreement shall be in the United States District Court for the Western District of Texas.

## 9.    OTHER CONSIDERATIONS REGARDING SETTLEMENT CLASS

9.1     In the event that the Court does not approve this Settlement Agreement in any and all respects, or issues any order that substantively alters the recovery received by the Settlement Class Members and Class Counsel or imposes additional material administrative burdens on a Party not agreed upon in the Settlement Agreement, the Party adversely affected shall have the right to terminate this Settlement Agreement. In the event of such termination, no payments will be made, and all releases, relinquishing of rights, vacating of orders or findings, and dismissals set forth in this Settlement Agreement will become null and void.

9.2     Any person within the Class as defined may request not to participate as a member of the Settlement Class by submitting a timely request for exclusion in accordance with the Notice of Proposed Class Settlement and the Court's order. To be effective, any person requesting exclusion from the Class must submit a request for exclusion that meets the requirements set by the Court.  Any person who submits a timely, valid, and complete written request is an Excluded Class Member.

9.3     A Settlement Class Member, who has not requested exclusion from the Settlement Class, may submit objections, if any, to (a) the terms of the Settlement Agreement, including the

attached exhibits; (b) the Class Counsel's Motion for Award of Attorneys' Fees and Expenses; or (c) the proposed form of Final Judgment. In order for any such objection to be considered by the Court at the Settlement Hearing, the objection must (a) contain all of the information described in the discussion of Objections that is contained in the Notice of Proposed Class Settlement; (b) be sent as specified in the Notice of Proposed Class Settlement and the Court's order.

9.4     Sistrunk and Class Counsel agree that any representation, encouragement, solicitation, or other assistance, including but not limited to referral to other counsel, to any Class Member seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Parties over any of the Released Claims in this matter, prior to the Settlement Approval Hearing, could place Class Counsel and/or Sistrunk in a conflict of interest with the Settlement Class.  Accordingly, Class Counsel and their respective law firms and Sistrunk and his attorneys agree not to represent, encourage, solicit, or otherwise assist, in any way whatsoever, including, but not limited to referrals or other counsel, any Class Member requesting exclusion from the Settlement Class.  In the event that more than 2% of the Class Members request exclusion from the Settlement Class, Defendants shall have the right, at its discretion, to terminate the Settlement Agreement.  Sistrunk, Class Counsel, and Defendants represent and warrant that they have not attempted, nor will they: (i) attempt to void this agreement in any way, other than as allowed by the termination provisions contained in the agreement; or (ii) solicit, encourage, or assist in any fashion in any effort by any Person to object to this settlement.

## 10.    CAFA COMPLIANCE

10.1    The Parties intend to comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-15 ("CAFA").  Defendants' Counsel will provide proper notice to the U.S. Attorney General, the Texas Attorney General, and the Director of the Texas Department of Motor Vehicles.  The CAFA Notice Packet is attached as Exhibit F.

## 11.    COVENANT NOT TO SUE

11.1    To the extent allowed by law, Plaintiff, on behalf of himself and the Settlement Class Members, (a) covenants and agrees that neither Plaintiff nor any of the Settlement Class Members, nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement, against Released Parties, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by Released Parties, or any of them, in connection with the Released Claims; (b) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of any of them; and (c) agree that this Agreement shall be a complete bar to any such action.

## 12.    REPRESENTATIONS AND WARRANTIES

12.1    The Parties represent and warrant to, and agree with, each other as follows:

12.2    Each of the Parties has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income-tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

12.3    Plaintiff and Class Counsel represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiffs have or may have arising out of the Action or otherwise referred to in this Agreement, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff himself.

12.4    Plaintiff and Class Counsel further represent and warrant that they are not aware of any entities or Persons having any interest in any award of attorneys' fees, costs, and/or litigation expenses in connection with the Action other than Class Counsel and those Persons and firms associated with Class Counsel by joint prosecution agreements.

12.5    Class Counsel and those Persons and firms associated with Class Counsel by joint prosecution agreements agree to defend, indemnify, and hold harmless Defendants from any claim arising out of a breach of the representations and warranties contained in Section 12 of this Settlement Agreement, by any entity or Person for and from:  (i) any award of attorneys' fees, costs, or litigation expenses; (ii) any and all liens or claims against any of the amounts being paid to Class Counsel or Sistrunk; and (iii) any liability, losses, claims, claims, damages, costs, expenses, including reasonable attorneys' fees.

12.6    Neither of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of any other party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Agreement, or in making the Settlement, except as expressly stated in this Agreement.

12.7    Each of the Parties has investigated the facts pertaining to the Settlement and this Agreement, and all matters pertaining to it, to the full extent deemed necessary by that Party and his or its attorneys.

12.8    Each of the Parties has carefully read, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement after having had the opportunity to consult with, and having in fact consulted with, his or her attorneys.

12.9    Each term of this Agreement, under the titles of the various sections, is contractual and not merely a recital.

**13.    NO ADMISSION OF LIABILITY**

13.1    In entering into this Settlement Agreement, the Parties agree that the Released Parties have denied, and continue to deny, any wrongdoing or liability with respect to the claims that have been made in the Action or that have been made or could have been made by or on behalf of the Class in any other forum arising out of or relating to the subject matters of the Action. The Parties further agree that neither this Settlement Agreement nor anything stated in it or in connection with the Settlement Agreement should be construed or interpreted as an admission or evidence of any wrongdoing or liability by any of the Released Parties. The Released Parties are entering into this Settlement Agreement in order to avoid the further expense and burden of protracted litigation.

**14.    NO DETERMINATION OF WRONGDOING**

14.1    Contingent upon the final approval of this Settlement Agreement, the Parties agree that the Court's orders and judgment of August 17, 2017, should be vacated and shall have no further force or effect and that there will be no finding that Defendants engaged in any

wrongdoing or wrongful conduct or otherwise acted improperly or in violation of any law or regulation in any respect.

**15.    INADMISSIBILITY**

15.1    Neither this Settlement Agreement nor any document referred to in it nor any actions taken to carry out this Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever.

**16.    CONFIDENTIAL DOCUMENTS**

16.1    No later than 30 days after the Effective Date, upon request by Defendants' counsel, Plaintiff and Class Counsel shall certify in writing to Defendants' Counsel that they have either returned or destroyed all originals and copies of: (i) documents that were produced by Defendants or third parties in the Action and which were stamped or designated "confidential;" and (ii) all transcripts (with any exhibits) of depositions taken in the Action or produced in discovery in the Action.

**17.    MISCELLANEOUS PROVISIONS**

17.1    This Settlement Agreement and the attached exhibits constitute the entire agreement among the Parties. All other agreements and understandings, whether written or oral, between the Parties, are superseded by this Settlement Agreement.

17.2    Any disputes concerning the status of any person as a Settlement Class Member and/or the amount, if any, due to any person under the terms of the Final Settlement will be submitted to the Neutral Evaluator for a determination that will be binding on the Parties and not subject to appeal or other judicial review.

17.3    Except as otherwise expressly provided in this Settlement Agreement, each Party shall bear its own costs, including taxable court costs.

17.4    The undersigned each represent that he or she is fully authorized to execute this Settlement Agreement on behalf of the Party or Parties for which he or she signs.

17.5    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, heirs, assigns, successors, agents, and representatives. This Settlement Agreement can be signed in multiple counterparts.

## 18.    SEVERABILITY

18.1    None of the terms of this Agreement is severable from the others.  If a court should rule that any term is void, illegal, or unenforceable for any reason, however, Defendants, in their sole discretion, and Plaintiffs, in their sole discretion (but acting in accord with their duties and obligations as representatives of the Settlement Class), may elect to waive any such deficiency and proceed with the Settlement under the terms and conditions ultimately approved by the Court.

## 19.    EFFECTIVENESS, AMENDMENTS, AND BINDING NATURE

19.1    This Agreement may be amended only by written agreement signed by the Parties. Except as otherwise stated above, each of the Parties, including Plaintiffs on behalf of themselves and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are found to be other than as now believed or assumed by that Party to be true or applicable, this Agreement shall nevertheless remain effective. This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, affiliates, assigns, executors, administrators, insurers, and successors in interest. All Released Parties other than Defendants, which are Parties, are intended to be third-party beneficiaries of this Agreement.

**20.     COOPERATION IN IMPLEMENTATION**

20.1     The Parties and their respective counsel agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Agreement.

**21.     GOVERNING LAW**

21.1     This Agreement shall be construed and governed in accordance with the laws of the State of Texas without regard to Texas' conflict-of-laws principles.

**22.     DISMISSAL OF THE LAWSUIT**

23.1     In connection with seeking entry of the Final Approval Order, Plaintiffs and Class Counsel shall take all steps that are necessary to obtain a dismissal with prejudice of the Action. Class Counsel and Defendants' Counsel agree to a standstill of all proceedings in the Action pending the Court's final approval. If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions as of the date of execution of the MOU.

23.2     The Parties will not make any public statements about the Settlement, including any representations by their counsel on their websites or otherwise, other than Class Counsel being permitted to place neutral notices, subject to Defendants' prior review and approval, on their websites that a settlement has been reached.  The Parties will only make jointly approved public statements regarding the Settlement.

23.3     This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.  All Parties and their counsel have contributed substantially and materially to the preparation of this Settlement Agreement, and so it shall not be construed more strictly against one party than another.

## 23.   SIGNATURES

24.1   This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original.

Date: October 13, 2017 Consented and Agreed to:

Plaintiff, Dexter Sistrunk, individually and on behalf of all Class Members:

On his own Behalf and on Behalf of All Class Members

Class Counsel:

Cory S/Fein
Cory Fein Law Firm,
712 Main Street, Suite 800
Houston, TX 77002

Ricardo G. Cedillo
Les J. Strieber III
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Street
San Antonio, TX 78212

Michael E. Pierce
Pierce Skrabanek, PLLC
3701 Kirby Drive, Suite 760
Houston, TX 77098

27

Defendants, TitleMax of Texas, Inc., and TMX
Finance LLC, f/k/a TitleMax Holdings LLC.


_____
Otto W. Bielss, III, President


Defendants' Counsel:


_____
L. Bradford Hancock
Holland & Knight LLP
1100 Louisiana Street
Suite 4300
Houston, TX 77002

Martin G. Durkin
Holland & Knight LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603

Marcy Hogan Greer
Alexander Dubose Jefferson & Townsend LLP
515 Congress Avenue
Suite 2350
Austin, TX 78701

Roger D. Townsend
Alexander Dubose Jefferson & Townsend LLP
1844 Harvard Street
Houston, TX 77008

**Table of Exhibits**

| Exhibit Reference | Exhibit Name | Reference |
|---|---|---|
| A. | Rule 23(e) Statement | Paragraph 2.1 |
| B. | Order Directing Notice to Class Members | Paragraph 2.2 |
| C. | Notice of Proposed Class Settlement | Paragraph 2.2 |
| D. | Final Judgment | Paragraph 2.3 |
| E. | Claim Form | Paragraph 1.3 |
| F. | CAFA Notice Packet | Paragraph 10 |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-RP |
| TITLEMAX Inc., *et al.,* | § § § | |
| Defendants. | § § | |

## JOINT STATEMENT PURSUANT TO RULE 23.

The Parties file this Joint Statement Pursuant to Federal Rule of Civil Procedure 23(e)(3).

1.    On September 19, 2017, the Parties participated in a mediation with the Honorable Susan Soussan (ret.).

2.    During the mediation, the Parties reached a settlement, and executed a Settlement Memorandum of Understanding ("MOU").

3.    The MOU called for the Parties to prepare and execute a comprehensive Settlement Agreement ("Settlement Agreement") within 14 days.  The final Settlement Agreement, including all Exhibits, as executed by the Parties is attached to this Statement as Ex. A.

**Dated**:  October 13, 2017.

Respectfully submitted,

*/s/ Cory S. Fein*
Cory S. Fein (Texas Bar No. 06879450)
**CORY FEIN LAW FIRM**
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601
Email:  cory@coryfeinlaw.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
Les J. Strieber III (Texas Bar No. 19398000)
**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone:  (210) 822-6666
Facsimile:  (210) 822-1151
Email:  lstrieber@lawdcm.com

Michael E. Pierce (Texas Bar No. 24039117)
michael@pcsblaw.com
**PIERCE CHAPMAN SKRABANEK BRUERA, PLLC**
3701 Kirby Dr., Suite 760
Houston, TX 77098
Telephone:  (832) 690-7000
Facsimile:  (832) 575-4840

**ATTORNEYS FOR PLAINTIFF**

By: _/s/ Marcy Hogan Greer_
L. Bradley Hancock
brad.hancock@hklaw.com
Texas Bar No. 00798238
**HOLLAND & KNIGHT LLP**
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

Martin G. Durkin
martin.durkin@hklaw.com
**HOLLAND & KNIGHT LLP**
131 S. Dearborn Street, 30th Floor
Chicago, IL  60603
Telephone: (312) 263-3600
Facsimile: (312) 263-6666

Gerald T. Drought
**MARTIN & DROUGHT, P.C.**
300 Convent St.
Bank of America Plaza
25th Floor
San Antonio, TX 78205-3789
Telephone: (210) 227-7591
Facsimile: (210) 227-7924

Marcy Hogan Greer
**ALEXANDER DUBOSE JEFFERSON
& TOWNSEND LLP**
Texas Bar No. 08417650
515 Congress Ave., Ste. 2350
Austin, Texas 78701-3562
Phone Number: 512-482-9300
Fax Number: 512-482-9303
mgreer@adjtlaw.com

**ATTORNEYS FOR DEFENDANTS
TITLEMAX OF TEXAS, INC. AND TMX
FINANCE LLC F/K/A TITLEMAX
HOLDINGS, LLC**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-RP |
| TITLEMAX Inc., *et al.,* | § § § | |
| Defendants. | § § | |

**ORDER GRANTING PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT AND DIRECTING
NOTICE TO CLASS MEMBERS**

This matter is before the Court on the Parties' Joint Motion for Preliminary Approval of the Class Settlement in accordance with the Settlement Agreement ("Agreement") and to Finalize Class Notice.  The Settlement Agreement sets forth the terms and conditions of a proposed settlement and dismissal of this action with prejudice, with the Court retaining jurisdiction to enforce the Settlement Agreement.  Having read the motion and supporting pleadings and exhibits, and carefully considering the arguments and relevant legal authority, and good cause appearing, the Court grants the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

**THEREFORE, the Court finds and orders:**

1.   On November 16, 2016, this Court granted Plaintiff's Motion for Class Certification. Docket No. 243.  The class definition set forth in the Settlement Agreement is the same as the class previously certified as meeting the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court has previously appointed and confirms Dexter Sistrunk as Class Representative,

and his counsel, Cory Fein, as Class Counsel.  The other defined terms in this Order are derived from the Settlement Agreement.

2.   The Court preliminarily approves the Settlement Agreement as within the range of possible approval. The Court finds on a preliminary basis that the Settlement Agreement is fair, adequate and reasonable to all potential Class Members. It further appears that extensive evaluation of the merits has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Agreement. It further appears that the Agreement has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations, including several mediation sessions supervised by experienced mediators, the Honorable Susan Soussan (Ret.) and Gary McGowan.

3.   The Court approves as to form and content the proposed Notice, attached as Exhibit C to the Agreement. The Court finds that the distribution of the Notice in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to it. The Parties shall submit declarations to the Court as part of their Motion for Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Agreement.

4.   A hearing on final approval of the Agreement shall be held before the Court on a date to be set by the Court to determine all necessary matters concerning the Agreement, including whether the proposed Settlement Agreement's terms and conditions are fair, adequate, and reasonable and whether the Settlement Agreement should receive final approval by the Court, as well as to rule on

an anticipated Class Counsel's motion requesting an award of reasonable attorneys' fees, costs, expenses and Service Award to the Class Representative.

5.    Class Members requesting to be excluded from the Settlement must submit a request for exclusion postmarked no later than forty-five (45) calendar days after the mailing of class notices. The request for exclusion must expressly state that the Class Member requests to be excluded from the Settlement in *Sistrunk v. TitleMax of Texas, Inc. et al.*, Civil Action No. 5:14-cv-00628-RP-HJB, and include the full name, address and telephone of the Class Member, and be signed by the Class Member. The request for exclusion must be mailed to: Sistrunk v. TitleMax Settlement Exclusions, c/o Rust Consulting, Inc. – 5515, P.O. Box 2563, Faribault, MN 55021-9563.

6.    Objections by Class Members must be mailed no later than forty-five (45) calendar days after the mailing of class notices ("Objection Deadline"). Any Settlement Class Member may object to any aspect of the proposed Settlement Agreement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Settlement Agreement shall mail to the U.S District Court Clerk, Class Counsel, and Defendants' Counsel a written statement of objection no later than the Objection Deadline. Such statement should include: a reference to: *Sistrunk v. TitleMax of Texas, Inc., et al.*,  No. 5:14-cv-00628-RP-HJB*; whether the class member intends to appear at the Final Approval Hearing in person or through a lawyer; a detailed statement of the reasons for the objection; a list of all class action settlements that the objector or his/her attorney has objected to in the past 10 years and a description of how the objections were resolved; the objector's name (and the name on the notice he/she received, if it was different), address, telephone number, and email address (if he/she has one); and a signature of the objector or his/her authorized representative.

7.    Any Class Member who wishes to speak at the Final Approval Hearing must give notice of his/her intent to do so.

8.   The procedures and requirements for speaking at, or filing objections in connection with, the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Settlement Agreement in accordance with the due process rights of all Settlement Class Members.

9.   Pending the Final Approval Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Order, are stayed. Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement Agreement until the date of the Settlement Approval Hearing.

10.   In accordance with the above, the Court adopts the following schedule:

a.   Within fourteen (14) days after entry of the Order Granting Preliminary Approval, Notice substantially in the form of Exhibit C to the Settlement Agreement ("Class Notice") shall be mailed via U.S. mail to all Class Members.

b.   Within fourteen (14) days after entry of the Order Granting Preliminary Approval, the Class Notice shall be posted on the website – www.sistrunkclassaction.com – until this litigation has ended and class members' period to file claims has expired.

c.   Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses, and to participate at the Final Approval Hearing. Any Class Member seeking to object to the proposed Settlement shall submit an objection as set forth in paragraph 6 above.  Any Class Member who intends to appear at the Final Approval Hearing shall submit a written "Notice of Intention to Appear in *Sistrunk v. TitleMax, et al.* No., 5:14-00628-RP-HJB" to the U.S. District Court Clerk, Class Counsel, and Defendants' Counsel on or before _____, 2017.

     d.   Plaintiff shall file a Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses, no later than _____. The hearing on that Motion shall be concurrent with the Final Approval Hearing.

     e.   The Parties shall file a Joint Motion for Final Approval and respond to objections, if any, no later than seven (7) days prior to the Settlement Approval Hearing. All parties shall file statements of compliance with notice requirements.

     a.   The Settlement Approval Hearing shall be held on January ____, 2018, at 9:00 a.m. in Courtroom Four of the United States Courthouse at 655 E. Cesar E. Chavez Blvd, San Antonio, Texas 78206.

11. If the Court gives final approval to the Settlement Agreement and enters a final judgment, in order to be entitled to the benefits of Settlement Agreement, any Class Member who has not requested exclusion from the Settlement Classes must submit a Claim Form, substantially in the form attached as Exhibit E to the Settlement Agreement, to the Claims Administrator at the address set forth in the Notice. Such Claim Form must be completed and postmarked on or before _____, 2018 **[30 days after the Final Approval Hearing]**. Any Class Member who does not submit a completed by that date Claim Form shall not be entitled to any monetary benefits from the Settlement Agreement, but nonetheless shall be bound by the terms of the Settlement Agreement and by the Final Judgment and any other Order of this Court approving the Settlement Agreement, including all releases, and shall be barred and enjoined in this or any other action from asserting any Released Claims.

12. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the Settlement Agreement and all

orders and findings entered in connection with the Settlement Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

13. This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendant of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

**SIGNED** on October ___, 2017.

_____
HON. ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-RP |
| TITLEMAX Inc., *et al.,* | § § | |
| Defendants. | § § | |

# A class action lawsuit claiming TitleMax allegedly illegally obtained private information about you from the Texas Department of Motor Vehicles has been settled.

## You May Be Eligible for Benefits from this Class Action Settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

• A lawsuit brought by a Texas vehicle owner against TitleMax alleging that TitleMax illegally obtained information from the Texas Department of Motor Vehicles has been settled.

• You are receiving this notice because your name is included in the records allegedly obtained by TitleMax and you are a member of the class affected by this settlement.

• The Settlement provides for payments to eligible class members who submit Valid Claims.  The claim process is set out below. You are required to submit a Claim Form, an IRS Form W-9 with your tax identification number, and a copy of a government-issued photo identification card to receive a payment.

**Your legal rights are affected even if you do nothing.  Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment. (*see* Question 12). |
| **ASK TO BE EXCLUDED** | Get no benefits from the Settlement.  This is the only option that allows you to sue the Defendants over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Do not receive payment.  Give up rights to pursue your own lawsuit about the claims this Settlement resolves. |

• These rights and options—**and the deadlines to exercise them**—are explained in this notice.

• The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will only be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

• **If you have any questions, read on and visit www.Sistrunkclassaction.com.**  Or email the Claims Administrator at info@SistrunkClassAction.com.  Please do not call the Court, TitleMax, or any TitleMax employees.

## What This Notice Contains

**BASIC INFORMATION** ................................................................................................ **3**
 1. Why is there a notice?
 2. What is this lawsuit about?
 3. What is a class action and who is involved?
 4. Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?** ..................................................................... **4**
 5. Who is included in the Settlement?
 6. How was I determined to be part of the Class?
 7. What is the Class Definition?
 8. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** .................................................................................. **4**
 9. What does the Settlement provide?
 10. When will I receive my payment?
 11. What am I giving up to stay in the Settlement Class?

**HOW TO GET BENEFITS** ........................................................................................... **5**
 12. How do I get benefits?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................. **5**
 13. How do I get out of the Settlement?
 14. If I do not exclude myself, can I sue the Defendants for the same thing later?
 15. If I exclude myself, can I still get benefits from this Settlement?

**WHO REPRESENTS ME IN THIS CASE?** .................................................................. **6**
 16. Who represents my interests in this case?
 17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................................... **6**
 18. How do I tell the Court if I do not like the Settlement?
 19. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING** ............................................................................. **7**
 20. When and where will the Court decide whether to approve the Settlement?
 21. Do I have to attend the hearing?
 22. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................. **8**
 23. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................... **8**
 24. How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give final approval to the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

The lawsuit claims that TitleMax employees may have obtained your information in violation of a federal statute that restricts the purposes for which information maintained by the Texas Department of Motor Vehicles can be obtained. The Court previously allowed, or "certified," a class action lawsuit.  That lawsuit has now been settled.  Because your name is included in these records, you are a Class Member and you have legal rights and options that you may exercise before the Court approves the settlement. Judge Robert Pitman of the United States District Court for the Western District of Texas, San Antonio Division, is overseeing this class action. The lawsuit is known as *Sistrunk v. TitleMax of Texas, Inc., et al.*, Civil Action No. 5:14-cv-00628-RP-HJB.

## 2. What is this lawsuit about?

This lawsuit is about whether TitleMax violated a federal statute when its employees allegedly obtained information (including your name, address, and information about a vehicle you owned) from the Texas Department of Motor Vehicles.

The Defendants deny these claims and maintain they did nothing wrong.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Dexter Sistrunk) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The person who sued—and all the Class Members like him—are called the Plaintiffs.  The companies they sued (in this case TitleMax of Texas, Inc., and a related company called TMX Finance LLC) are called the Defendants.  One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## 4. Why is there a Settlement?

Both sides of this lawsuit have agreed to a Settlement.  By agreeing to the Settlement, the Parties avoid the costs and uncertainty of this matter, and Class Members receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that the Defendants did anything wrong.  The Defendants deny all legal claims in this case.

## WHO IS PART OF THE SETTLEMENT?

If you received this notice addressed to you in the mail (without requesting it), then you are a member of the Settlement Class.

| 5.  Who is included in the Settlement? |
|---|

All Class Members are included in the Settlement.

| 6.  How was I determined to be part of the class? |
|---|

TitleMax produced lists of individuals with their addresses and vehicle information. Your name was on one of these lists. If this notice is directed to you, you are part of the Class.

| 7.  What is the Class Definition? |
|---|

The Class is defined as all persons whose name and addresses were obtained by Defendants from a Texas motor vehicle record, through searching PublicData.com and/or DataTrax websites, as indicated by their inclusion on a Vehicle Owner List filed in this case.

| 8.  What if I am not sure whether I am included in the Settlement? |
|---|

If you are still not sure whether you are included, you can get free help.  You can email the claim administrator at info@SistrunkClassAction.com with questions or visit www.sistrunkclassaction.com.  You may also write with questions to Sistrunk v. TitleMax Settlement, c/o Rust Consulting, Inc. – 5515, P.O. Box 2563, Faribault, MN 55021-9563.

## THE SETTLEMENT BENEFITS

| 9.  What does the Settlement provide? |
|---|

If the Settlement is approved and becomes final, it will provide a cash benefit to eligible Class Members. If the Court approves the Settlement, the Defendants will pay $1,500 to Class Members who submit a Valid Claim including all of the information required in the Claim Form below.  Class Members must also submit a signed IRS Form W-9 containing their tax identification number, and a copy of a government-issued photo identification card.  This information is listed on the Claim Form. (*see* Question 12).

More details are in a document called the Settlement Agreement, which is available at www.sistrunkclassaction.com.

| 10.  When will I receive my payment? |
|---|

Class Members who are entitled to payments will receive them after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Settlement Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

| **11.  What am I giving up to stay in the Settlement Class?** |
| --- |

If the Settlement becomes final, you will give up your right to sue the Defendants for the claims being resolved by this Settlement unless you exclude yourself from the case.  The specific claims you are giving up against the Defendants are described in the Settlement Agreement.  You will be "releasing" the Defendants and all related entities and persons, as described in the Settlement Agreement.  The Settlement Agreement is available at www.sistrunkclassaction.com.

The Settlement Agreement describes the "Released Claims" with specific descriptions, so read it carefully.

## HOW TO GET BENEFITS

| **12.  How do I get benefits?** |
| --- |

You must submit a completed Claim Form to be eligible to receive payment if this Settlement is approved.  To file a Claim, you must complete and submit the attached Claim Form.  You can request a Claim Form at www.sistrunkclassaction.com or by sending an email to info@SistrunkClassAction.com. Please read the instructions carefully, fill out the Claim Form, and mail the Claim Form, along with a signed IRS Form W-9 containing your tax identification number, and a copy of a government-issued photo identification card.  This information is listed on the Claim Form.  Your Claim Form must be postmarked no later than **Month 00, 2017** to:

Sistrunk v. TitleMax Settlement
c/o Rust Consulting, Inc. – 5515
P.O. Box 2563
Faribault, MN 55021-9563

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from this Settlement, and you want to keep the right to sue the Defendants about the issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself—or it is sometimes referred to as "opting out" of the Class.

| **13.  How do I get out of the Settlement?** |
| --- |

To exclude yourself from the Settlement Class, you must mail a letter that says you want to be excluded from the Settlement in *Sistrunk v. TitleMax of Texas, Inc., et al.*, Civil Action No. 5:14-cv-00628-RP-HJB.  Your request must include:

- Your name, address, and telephone number; and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2017**, to:

Sistrunk Settlement Exclusions

c/o Rust Consulting, Inc. – 5515
P.O. Box 2563
Faribault, MN 55021-9563

You cannot ask to be excluded on the phone, by email, or at the website.

| **14.  If I do not exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves.

| **15.  If I exclude myself, can I still get benefits from this Settlement?** |
| --- |

No.  You will not get the benefits provided if you exclude yourself from the Settlement.

## WHO REPRESENTS ME IN THIS CASE?

| **16.  Who represents my interests in this case?** |
| --- |

The Court decided that the Cory Fein Law Firm will fairly and adequately represent you and all Class Members.  The law firm is called "Class Counsel."  You will not be charged for these lawyers.  More information about the Cory Fein Law Firm is available at www.coryfeinlaw.com.  If you want to be represented by your own lawyer, you may hire another lawyer at your own expense.

| **17.  How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve a payment of up to $1,557,675.00 to them for attorney's fees, and expenses in the amount of $40,000.00, and a payment of $15,000.00 to Dexter Sistrunk for his service as Class Representative.  The attorney's fees, if awarded, would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  Defendants will separately pay the attorney's fees, and expenses that the Court awards.  If approved by the Court, the Service Award to Mr. Sistrunk will be paid by Defendants and Class Counsel. These amounts will not reduce the benefits available to Class Members.  Defendants have agreed not to oppose these fees and expenses.  Defendants will also pay the costs to administer the settlement.  The request for attorney's fees and expenses, and the Service Award to the Class Representative will be posted online at www.sistrunkclassaction.com prior to the Final Approval Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| **18.  How do I tell the Court if I do not like the Settlement?** |
| --- |

If you are a member of the Settlement Class (and do not exclude yourself), you can object to the Settlement or to any part of the Settlement, including the request for attorney's fees, expenses, and the

Service Award to the Class Representative. You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must mail a letter that includes the following:

- A reference at the top to: *Sistrunk v. TitleMax of Texas, Inc., et al.*,  No. 5:14-cv-00628-RP-HJB.;
- Whether you intend to appear at the Final Approval Hearing in person or through a lawyer (*see* Question 22);
- A detailed statement of the reasons you object to the Settlement or the request for attorney's fees, expenses or the Class Representative Service Award;
- Your name (and your previous name if the name on the notice you were mailed was different), address, telephone number, and email address;
- A list of all class action settlements to which you or your attorney have objected in the past 10 years, and a description of how the objections were resolved; and
- Your signature (or the signature of your authorized representative).

The requirements to object to the Settlement are described in detail in the Settlement Agreement in paragraph 9.3.  You must mail your objection to <u>each</u> of the following three addresses, and your objection must be postmarked by **Month 00, 2017:**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| U.S. District Clerk's Office | Mr. Cory Fein | Mr. L. Bradley Hancock |
| 655 E. Cesar E. Chavez Blvd. | Cory Fein Law Firm | Holland & Knight LLP |
| Room G65 | 712 Main Street | 1100 Louisiana Street |
| San Antonio, TX 78206 | #800 | 4300 |
|  | Houston, TX 77002 | Houston, TX 77002 |

**19.  What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you do not exclude yourself from the Classes.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  If you are objecting to the Settlement, you must attend either in person or through counsel.  If you are not objecting, you may attend and you may ask to speak (see Questions 21 & 22), but you do not have to.

**20.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at XX:00 x.m. on **Month 00, 2018**, at the United States District Court for the Western District of Texas, 655 E. Cesar E. Chavez Blvd., San Antonio, Texas, 78206.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.sistrunkclassaction.com or send an email to info@SistrunkClassAction.com if you plan to attend this hearing.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them and will listen to people

who have given Notice of Intention to Appear at the hearing.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

### 21.  Do I have to attend the hearing?

Only if you are objecting in order to present your objection.  Class Counsel will answer any other questions the Court may have.  And you or your own lawyer are welcome to attend at your expense even if you are not objecting.  If you send an objection, you need to come to Court to talk about it.

### 22.  May I speak at the hearing?

If you have filed a timely Notice of Intention to Appear at the Final Approval Hearing, you may speak at the hearing either in person or through your counsel.  You cannot speak at the hearing if you excluded yourself, or failed to file this notice.

### IF YOU DO NOTHING

### 23.  What happens if I do nothing at all?

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

### 24.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.sistrunkclassaction.com.   You also may write with questions to Sistrunk v. TitleMax Settlement, c/o Rust Consulting, Inc. – 5515, P.O. Box 2563, Faribault, MN 55021-9563 or send an email to info@SistrunkClassAction.com.  You can also request a Claim Form at the website, via email or mail.

Please do not contact the Court with any questions about the Settlement Agreement.

Date: October _____, 2017.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:14-cv-00628-RP |
| TITLEMAX Inc., *et al.,* | § § § | |
| Defendants. | § | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court, having considered Plaintiffs' Motion for Final Approval ("Motion for Final Approval") of the Class Action Settlement Agreement ("Settlement Agreement") of the above-captioned matter ("Action") brought by Plaintiff Dexter Sistrunk ("Plaintiff") against Defendants TitleMax of Texas, Inc. and TMX Finance LLC f/k/a TitleMax Holding LLC (collectively "Defendants"), and Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Service Award, together with all exhibits, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing, finds that:

1.   Unless otherwise defined, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. (Dkt. _____.)

2.   This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3.   On October ____, 2017, this Court preliminarily approved the Settlement.  (Dkt. ____.) In that order, the Court noted that the class definition set forth in the Settlement Agreement is the same as the class previously certified as meeting the requirements of Federal Rules of Civil

Procedure 23(a) and 23(b)(3). The Court previously appointed and confirms named Plaintiff, Dexter

Sistrunk, as representative of the Class, and his counsel, Cory Fein, Class Counsel.

4.   Notice to the Class has been provided in accordance with the Court's Preliminary

Approval Order. (See Dkt. _____.) The notice to the Class fully complied with the requirements of

FED. R. CIV. P. 23 and the United States Constitution (including the Due Process Clause), the rules

of this Court, and any other applicable law, constituted the best notice practicable under the

circumstances to apprise Class of the pendency of the Action and their rights to object to or exclude

themselves from this Settlement Agreement and to appear at the Final Approval Hearing, and

provided due and sufficient notice to all persons entitled to notice of the Settlement resolving this

Action.

5.   The Defendants properly and timely notified the appropriate government officials of the

Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The

Court has reviewed the substance of Defendants' notice and finds that it complied with all

applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant

provided notice pursuant to CAFA and the Final Approval Hearing.

6.   The Settlement Agreement was the result of arm's-length negotiations conducted in

good faith by experienced attorneys familiar with the legal and factual issues of this case and with

the assistance of the Honorable Susan Soussan (ret.) and, thus, is supported by Plaintiff and Class

Counsel.

7.   The Settlement is fair, reasonable, adequate, and in the best interests of the Class

Member in light of the complexity, expense, and duration of litigation and the risks involved in

establishing liability and damages and in maintaining the class action through trial and appeal.

8.   The Class Representatives and Class Counsel adequately represented the Settlement

Class for purposes of entering into and implementing the Agreement.

9.   The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action and the potential risks and likelihood of success of pursing post-judgment relief or an appeal.

10.   [No] Settlement Class Member has objected to any of the terms of the settlement. The individuals identified below are found to have validly excluded himself from the Settlement in accordance with the provisions of the Preliminary Approval Order.

[Insert Names] of [insert location].

### IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

11.  The Settlement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Parties are directed to implement the Settlement in accordance with its terms. The Parties and Class Members who did not timely exclude themselves from the Settlement Classes are bound by the terms and conditions of the Settlement and this Order.

12.  The Court has specifically considered the factors relevant to class settlement approval, *see, e.g., Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204 (5th Cir. 1982), including, inter alia, the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of Class Counsel, and the stage of the proceedings and amount of discovery completed at the time of settlement, and upon consideration of such factors finds that the settlement is fair, reasonable, and adequate to all concerned and affected by the Settlement Agreement.

13. The Court vacates and sets aside its order and judgment of August 17, 2017 (Dkt. 302, 303, and 304), and the order and judgment, including any findings contained in them, shall have no force or effect.

14. This judgment amends and supersedes entirely the August 17, 2017, judgment and incorporates entirely by reference the Settlement Agreement.

15. The Releasors and Plaintiffs release and forever discharge the Released Parties from the Released Claims:

      a. As used in this Order, the "Releasors" and "Plaintiff" shall refer jointly and severally, individually and collectively, to Sistrunk, and the Settlement Class Members, as well as all of their heirs, assigns and successors, including, but not limited to, parents, subsidiaries, predecessors, affiliates, officers, assigns, subrogees, attorneys in fact, employees, attorneys, retained experts, consultants, and representatives for any corporate Class Members.

      b. As used in this Order, the "Released Parties" shall mean TitleMax of Texas, Inc., TitleMax, Inc., TitleMax Holdings, Inc., and TMX Finance LLC f/k/a TitleMax Holdings, LLC, and their respective parents, subsidiaries, predecessors and successors in interest, subsidiaries, affiliates, officers and directors, assigns, subrogees, attorneys, employees, retained experts, consultants, and representatives.

      c. As used in this Order, the "Released Claims" shall mean include, but not be limited to, any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings,

losses, damages (including actual, consequential, statutory, and/or punitive or exemplary damages), injuries, attorneys' fees, pre-and post-judgment interest, costs, expenses, debts, liabilities, judgments, or remedies of any kind or nature, recoverable now or at any later time under applicable law, through the Effective Date of this Agreement, whether known or unknown, pending or threatened, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, that have been or could have been asserted, in any way arising out of or relating to the claims or the allegations made in the Action and/or certified by the Trial Court. This definition further includes, but is not limited to, all claims, demands, and causes of action, that Plaintiffs may have now or in the future by virtue of assignment or otherwise, arising out of the manner in which Defendants and their counsel handled, settled, or defended any claims, demands, or causes of action asserted by Plaintiffs. Each Releasor also expressly and irrevocably waives and releases, any and all defenses, rights, and benefits that each Releasor has or may have or that may be derived from provisions of applicable law that, absent such waiver, may limit the extent or effect of the release set forth in this Settlement Agreement. The term "Released Claims" also includes all claims that were raised or that could have been raised in this Action, including, but not limited to, the allegations contained in the pleadings, motions, disclosures, interrogatory responses, and/or other documents filed or exchanged in the Action, including without

limitation, the following: claims/issues concerning or related to

allegations that Defendants or Defendants' employees obtained

information and records regarding Plaintiffs and Class Members in

violation of the Drivers Privacy Protection Act, ("DPPA"), 18 U.S.C.

§ 2722 et. seq.

16. The Action and all Released Claims are dismissed on the merits and with prejudice. All

Settlement Class Members were given a full and fair opportunity to participate in the Approval

Hearing, and all Settlement Class Members wishing to be heard have been heard. All Class Members

also have had a full and fair opportunity to exclude themselves from the proposed Settlement and

the Class. Accordingly, the Settlement shall be binding on, and have res judicata and preclusive

effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Sistrunk

and all other Class Members who did not timely exclude themselves from the Class, as well as on

behalf of their heirs, executors, administrators and representatives.

17. The Court permanently bars and enjoins (i) all Class Members (and their heirs, executors,

administrators, and representatives) from filing, commencing, prosecuting, intervening in,

participating in (as class members or otherwise), or receiving any benefits or other relief from any

other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any

jurisdiction that is based upon, arises out of, or relates to any Releasing Parties' Claim as to any

Released Party, including, but not limited to, any claim that is based upon, arises out of, or relates to

the Action or the transactions and occurrences referred to in any Complaint filed in the Action, and

(ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class

action (including by seeking to amend a pending complaint to include class allegations or by seeking

class certification in a pending action) on behalf of any Class Member as to the Released Parties, if

such other lawsuit is based upon, arises out of, or relates to any Released Claims, including, but not

limited to, any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in any Complaint filed in the Action.

18. This Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with this Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Released Parties of any wrongdoing or liability. The Judgment and Settlement Agreement, and compliance with the Judgment or Settlement Agreement shall not constitute or be construed as an admission by any Released Party of any wrongdoing or liability. The Judgment and Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Action and of the Releasing Party's claims. Released Parties are entering into this Settlement Agreement in order to avoid the further expense and burden of protracted litigation. The Parties agree that no party was or is a "prevailing party" in this case. In no event shall this Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, except a proceeding to enforce the Settlement Agreement.

19. The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

20. On _____, 2017, Class Counsel filed Plaintiff's Motion for Attorneys' Fees, Expenses and Service Award. (Dkt. _____. This Court has considered the motion, and notes that Class Counsel provided this Court with their lodestar calculation as recommended. The Court further finds that as to the amount of reasonable attorneys' fees and awards Class Counsel attorneys' fees $_____ and expenses in the amount of Forty Thousand ($40,000.00) is fair and reasonable. Further, the Court awards Sistrunk a service award in the total amount of $_____. Of that sum,

Defendants shall pay up to Ten Thousand Dollars ($10,000.00) to Sistrunk, and Class Counsel shall pay up to Five Thousand Dollars ($5,000.00) to Sistrunk.

21. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

22. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of the Class.

23. Without affecting the finality of this Final Judgment for purposes of appeal, after the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

24. If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to Section 9.1 of the Settlement Agreement, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

25. This Court directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED.**

**SIGNED** on October ____, 2017.

_____
HON. ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

#53916690_v1

# EXHIBIT E

**EXHIBIT E**

**CLAIM FORM**

In order to receive proceeds from the *Sistrunk v. TitleMax* settlement, you must complete and mail this Claim Form to Sistrunk v. TitleMax Claim Forms, c/o Rust Consulting, Inc.-5515, P.O. Box 2563, Faribault, MN 55021-9563, postmarked on or before the ____ day of _____, 2017.  IF YOU DO NOT RETURN A CLAIM FORM POSTMARKED BY THIS DEADLINE, YOUR CLAIM WILL BE REJECTED AND YOU WILL BE DEEMED TO HAVE WAIVED ALL RIGHTS TO RECEIVE ANY CONSIDERATION UNDER THIS PORTION OF THE SETTLEMENT.  If you do not request exclusion from the Settlement Class, you are bound by the terms of the Settlement Agreement and Release and Final Judgment entered pursuant to the settlement whether or not you return a Claim Form.

Must Be Postmarked No                    Deliver to:    Sistrunk v. TitleMax Claim Forms
Later Than _____, 2018                                  c/o Rust Consulting, Inc.-5515
                                                         P.O. Box 2563
                                                         Faribault, MN 55021-9563

A.      **PERSONAL INFORMATION**

_____
Name (Last)                    (First, Middle)                    (Email Address)

_____
Address (Street Name and Number, Apartment Number, If Applicable)

_____
City                    State                    Zip Code                    Daytime Phone #

B.      **PRIOR ADDRESSES**

List any address(es) you recall having lived in 2012-2013 (not required).

_____          _____

_____

C.     **CERTIFICATION UNDER PENALTY OF PERJURY**

I hereby affirm and declare under penalty of perjury that:

1.     I am the person identified on the Class Notice that I received to which this Claim Form was attached;

2.     I have read and understand the contents of the Class Notice and this Claim Form;

3.     The address provided above is the correct address for mailing me any compensation under the Settlement Agreement; and

4.     These declarations are enforceable in Bexar County, Texas.

To make a valid claim you must also attach: (i) a completed Internal Revenue Service Form W-9 Request for Taxpayer Identification Number and Certification ("IRS Form W-9"); and (ii) a legible copy of a valid government-issued photo identification card, such as a driver's license, passport, permanent resident card, or U.S. Military ID card.

_____          _____
**DATED**                                                           **SIGNED**

                    **Or:**

_____          _____
**DATED**                                                           **AUTHORIZED REPRESENTATIVE**
                                                                        *Please attach proof of your representative capacity*
                                                                        *for this class member.*

2

# EXHIBIT F

Martin G. Durkin, Jr.
(312) 578-6574
martin.durkin@hklaw.com

October 2, 2017

The Honorable Jefferson Sessions
U.S. Attorney General
Office of the Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530

The Honorable Ken Paxton
Attorney General
Office of the Attorney General
300 W. 15th Street
Austin, TX 78701

Honorable Whitney Brewster
Executive Director
Texas Department of Motor Vehicles
4000 Jackson Avenue
Austin, TX 78731

**Re:**   ***Sistrunk v. TitleMax of Texas, Inc., et al.* No, 5:14 cv 00628-RP (W.D. TX)**

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, defendants, TitleMax of Texas, Inc.
and TMX Finance LLC, f/k/a TitleMax Holdings, LLC ("Defendants"), provide this notice of the
proposed class action settlement in the above-referenced matter currently pending in the U.S.
District Court for the Western District of Texas.

A motion for preliminary approval of the proposed settlement was filed with the court on
October ___, 2017, and the district court granted preliminary approval on _____, 2017.
In compliance with 28 U.S.C. § 1715(b), I have enclosed the following documents:

1. First Amended Class Action Complaint, filed September 14, 2015 (Ex. 1);

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

October 2, 2017
Page 2

2. Plaintiff's Notice of Motion for Preliminary Approval of Settlement with Defendants, filed on October _____, 2017, with accompanying memorandum in support, and Proposed Preliminary Approval Order (Ex. 2);

3. The Notice Class Action Settlement mailed to all class members pursuant to the Preliminary Approval Order (Ex. 3);

4. The Class Action Settlement Agreement (Ex. 4);

5. The proposed Final Judgment (Ex. 5);

6. The Order of October _____, 2017, setting schedule for settlement approval; and

7. The Order Granting Preliminary Approval of Settlement Agreement and Directing Notice to Class Members.

With regard to 28 U.S.C. § 1715(b)(2), a fairness hearing regarding the proposed settlement is currently scheduled for January _____, 2018, at _____.

With regarding to 28 U.S.C. § 1715(b)(3), class members have a right to seek exclusion from the class until _____.  Notice was mailed to all class members on October, _____ 2017.

With regard to 28 U.S.C. § 1715(b)(5), there has been no other settlement or agreement contemporaneously made between class counsel and counsel for defendants.  With regard to 28 U.S.C. § 1715(b)(6) and (8), there has been no final judgment or notice of dismissal yet filed relating to the proposed settlement.  On October _____, 2017, the Court granted preliminary approval of Defendants' settlement. (Ex. 2)

With regard to 28 U.S.C. § 1715(b)(7), the class consists of 4,945 members, all of whom resided in Texas during the class period.  Under the terms of the settlement, each class member who submits a valid claim is eligible to receive a payment in the amount of $1,500.  Because the identities of the class members are currently under seal, defendants have not included the names of each member, but will do so upon request.

Please contact the undersigned if you have any questions regarding this notice or require additional information.

Sincerely yours,

October 2, 2017
Page 3


HOLLAND & KNIGHT LLP


Martin G. Durkin, Jr.

MGD/bh
Encl.