IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER SISTRUNK, *individually and on behalf of a class of similarly situated individuals*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:14-CV-628-RP |
| TITLEMAX, INC., et al., | § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is Plaintiff and the Certified Class's Unopposed Motion for Preliminary Approval. (Dkt. 318). The parties seek preliminary approval of a Settlement Agreement ("Settlement") that sets forth the terms and conditions of a proposed settlement and dismissal of this action with prejudice, with the Court retaining jurisdiction to enforce the Settlement. Having read the motion and supporting pleadings and exhibits and considered the arguments and relevant legal authority, the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval.

**THEREFORE, the Court finds and orders:**

1. On November 16, 2016, this Court granted Plaintiff's Motion for Class Certification. (Dkt. 243). The class definition set forth in the Settlement is the same as the class previously certified as meeting the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).[1] The Court has previously appointed and confirms Dexter Sistrunk as Class Representative, and his counsel, Cory Fein, as Class Counsel. The other defined terms in this Order are derived from the Settlement.

---

[1] The class is defined as: "All persons whose name and address were obtained by Defendants from a Texas motor vehicle record through searching PublicData.com and/or DataTrax websites, as indicated by their inclusion on a Vehicle Owner List filed in this case under seal at Docket Nos. 150-3 through 150-9; 150-16 through 150-35; Dkt. Nos. 152-2 through 152-11; and Dkt. Nos. 180-3 and 180-4." (Dkt. 243, at 2).

2. The Court preliminarily approves the Settlement as within the range of possible approval. *See In re Pool Prod. Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 314–15 (E.D. La. 2015) ("If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval.") The Court finds on a preliminary basis that the Settlement is fair, reasonable, and adequate to all Class Members. Fed. R. Civ. P. 23(e)(2). The Court is satisfied that extensive evaluation of the merits has been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Settlement. It further appears that the Settlement has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations, including several mediation sessions supervised by experienced mediators, the Honorable Susan Soussan (Ret.) and Gary McGowan. *See Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 295 (5th Cir. 2017) ("The involvement of an experienced and well-known mediator is also a strong indicator of procedural fairness.") (quotation marks and citation omitted).

3. The Court approves, as to form and content, the proposed Notice, attached as Exhibit C to the Settlement. The Court finds that the distribution of the Notice in the manner and form set forth in the Settlement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to it. The parties are directed to revise the Notice to reflect the schedule and deadlines set out in this Order. The parties shall submit declarations

to the Court as part of their Motion for Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Settlement.

4. A hearing on final approval of the Settlement shall be held before the Court on a date to be set by the Court to determine all necessary matters concerning the Settlement, including whether the proposed Settlement's terms and conditions are fair, adequate, and reasonable and whether the Settlement should receive final approval by the Court, as well as to rule on an anticipated motion from Class Counsel requesting an award of reasonable attorneys' fees, costs, expenses and service award to the Class Representative.

5. All Settlement Class Members shall be bound by all determinations and judgments in this action concerning the Settlement. If the Settlement is approved, all Settlement Class Members will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Settlement, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form. If the Settlement is approved, only Class Members who timely request to be excluded from the Settlement will not be bound by the Settlement's terms.

6. Class Members requesting to be excluded from the Settlement must submit a request for exclusion postmarked **no later than December 22, 2017**. The request for exclusion must expressly state that the Class Member requests to be excluded from the Settlement in *Sistrunk v. TitleMax of Texas, Inc. et al.*, Civil Action No. 5:14-cv-00628-RP-HJB, and include the full name, address and telephone of the Class Member, and be signed by the Class Member. The request for exclusion must be mailed to: Sistrunk v. TitleMax Settlement Exclusions, c/o Rust Consulting, Inc. – 5515, P.O. Box 2563, Faribault, MN 55021-9563. All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement,

shall not share in the distribution of settlement funds, and shall not be bound by the Settlement or Judgment.

    7. Class Members objecting to the Settlement must submit written objections postmarked **no later than December 22, 2017** ("Objection Deadline"). Any Settlement Class Member may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Settlement shall mail to the U.S District Court Clerk, Class Counsel, and Defendants' Counsel a written statement of objection no later than the Objection Deadline. Such statement should include:

    (1) a reference to: *Sistrunk v. TitleMax of Texas, Inc., et al.*, No. 5:14-cv-00628- RP-HJB;

    (2) whether the class member intends to appear at the Final Approval Hearing in person or through a lawyer;

    (3) a detailed statement of the reasons for the objection;

    (4) a list of all class action settlements that the objector or his or her attorney has objected to in the past 10 years and a description of how the objections were resolved;

    (5) the objector's name (and the name on the notice he or she received, if it was different), address, telephone number, and email address (if he or she has one); and

    (6) a signature of the objector or his or her authorized representative.

    8. Any Settlement Class Member who wishes to speak at the Final Approval Hearing must give notice of his or her intent to do so as described in this Order. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the application by Class Counsel for an award of attorneys' fees and reimbursement of

litigation expenses, unless that person has timely submitted a written objection in compliance with this Order.

9. Attendance by Settlement Class Members at the Final Approval Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members. Class Counsel shall post any new date for the Final Approval Hearing on www.sistrunkclassaction.com.

10. Any Settlement Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. If any Settlement Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel so that the notice is received **no later than February 2, 2018**.

11. The Court approves the appointment of Rust Consulting, Inc., to serve as Notice and Claims Administrator to supervise and administer the notice procedure in connection with the Settlement, as well as the processing of claims if and when Judgment is entered.

12. Pending the Final Approval Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement and this Order, are **STAYED**. Additionally, the Court **ENJOINS** all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement until the date of the Settlement Approval Hearing.

13. In accordance with the above, the Court adopts the following schedule:

    a.    Within **fourteen (14) days after entry of this Order**, Notice substantially in the form of Exhibit C to the Settlement ("Class Notice") shall be mailed via U.S. mail to all Class Members.

b. Within **fourteen (14) days after entry of this Order**, the Class Notice, the Settlement, and this Order shall be posted on the class settlement website—www.sistrunkclassaction.com—until this litigation has ended and Settlement Class Members' period to file claims has expired.

c. Defendants shall serve notice compliant with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-15 ("CAFA") with the appropriate Federal and State officials no later than **October 30, 2017.**

d. Any Class Member seeking exclusion from the Settlement must submit a request for exclusion postmarked **no later than December 22, 2017.**

e. Class Members objecting to the Settlement must submit written objections postmarked **no later than December 22, 2017.**

f. Any Settlement Class Member who intends to appear at the Final Approval Hearing shall submit written notice labeled "Notice of Intention to Appear in *Sistrunk v. TitleMax, et al.* No., 5:14-00628-RP-HJB" to the U.S. District Court Clerk, Class Counsel, and Defendants' Counsel such that notice is received **on or before February 2, 2018**. Any person who intends to appear at the Final Approval Hearing through counsel must identify all attorneys who will appear on his or her behalf at the Final Approval Hearing.

g. Plaintiff shall file a Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses, no later than **January 19, 2018**. Defendants shall respond, if at all, by **February 2, 2018**. Plaintiff shall reply, if at all, by **February 9, 2018**. The hearing on that Motion shall be concurrent with the Final Approval Hearing.

      h.     The parties shall file a Joint Motion for Final Approval and respond to objections, if any, **no later than February 9, 2018**. All parties shall file statements of compliance with notice requirements.

      i.     The Final Approval Hearing shall be held on **February 16, 2018, at 9:00 a.m.** in Courtroom Four of the United States Courthouse at 655 E. Cesar E. Chavez Blvd, San Antonio, Texas 78206.

14. If the Court gives final approval to the Settlement and enters a Final Judgment, a Settlement Class Member must submit a Claim Form in order to be entitled to the benefits of Settlement. The Claim Form must be substantially in the form attached as Exhibit E to the Settlement. Settlement Class Members must submit Claim Forms to the Claims Administrator at the address set forth in the Notice. Such Claim Form must be **completed and postmarked on or before March 16, 2018**. Any Settlement Class Member who does not submit a completed Claim Form by that date shall not be entitled to any monetary benefits from the Settlement, but nonetheless shall be bound by the terms of the Settlement and by the Final Judgment and any other order of this Court approving the Settlement, including all releases, and shall be barred from asserting any Released Claims.

15. In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Settlement and all orders and findings entered in connection with the Settlement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

16. This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

**SIGNED** on October 25, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE