IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Dexter Sistrunk, individually and on behalf of a class of similarly situated individuals, | § § § | CASE NO. 5:14-cv-00628-RP-HJB |
| Plaintiff, | § § | |
| Vs. | § § | |
| TitleMax, Inc., TitleMax Holdings, LLC, TMX Finance LLC, TMX Finance Holdings, Inc., TitleMax of Texas, Inc. | § § § § | |
| *Defendants.* | § § | |

**JOINT MOTION FOR FINAL APPROVAL**

The parties jointly move that the Court grant final approval to the Class Action Settlement Agreement (Docket No. 320-1), and enter the Final Judgment and Order of Dismissal, which is attached as Exhibit A, and was attached to the Settlement Agreement as Exhibit D (Dkt. 320-1 at 52-59). In support, the parties state the following:

**I.      INTRODUCTION**

Since the Court's entry of the Preliminary Approval Order (finding on a preliminary basis that the Settlement is fair, reasonable, and adequate to all Class Members, and approving the class notice plan), the notice plan has been implemented. The parties report that no Class Member (i) has objected, (ii) asked to be excluded from the Settlement Class, or (iii) indicated an intent to appear at the Final Fairness Hearing. Furthermore, none of the government officials notified by the Defendants' CAFA notice have objected or indicated an intent to attend the Fairness Hearing. Because this class action settlement satisfies the requirements of Federal Rule

1

of Civil Procedure 23(e) and comports with federal law and the United States Constitution,, the Court should confirm its finding that the settlement is fair, reasonable, and adequate and enter a Final Judgment.

## II.     BACKGROUND OF LITIGATION

The Court is familiar with this class action lawsuit, having presided over it for several years. While an appeal was imminent, the parties were able to settle the claims in a comprehensive settlement that the Court has preliminarily approved.

Specifically, on October 25, 2017, the Court granted Preliminary Approval of the settlement, confirmed the appointment of Plaintiff Dexter Sistrunk as Class Representative; confirmed the appointment of Cory Fein as Class Counsel; approved the Parties' proposed form and method of giving Class Members notice of the proposed Settlement; directed that notice be given to Class Members in the proposed form and manner; and confirmed a hearing to determine whether the Court should grant final approval of the Settlement, enter judgment, award attorneys' fees and expenses to Class Counsel, and grant a service award to Plaintiff. (Dkt. 319.)

The notice program was successfully implemented by Rust Consulting, Inc., the court-appointed Settlement Administrator. Rust and the parties report that the deadline to object or opt-out has passed and no class members have objected or opted out of the settlement. Rust is accepting and processing claims and sending cure notices as required by the Settlement Agreement. Pursuant to the Court's Preliminary Approval Order, if the Court gives final approval to the Settlement and enters a Final Judgment, a Settlement Class Member will be required to submit a Claim Form postmarked by March 16, 2018. (Dkt. 319 at ¶14.)

### III. ARGUMENT

#### A. The Standard for Approval of a Class Action Settlement

A class action settlement like the one proposed here must be approved by the Court to be effective. *See* Fed. R. Civ. Proc. 23(e). Court approval occurs in three steps: (1) a preliminary approval hearing, at which the court considers whether the proposed settlement is within the range of reasonableness meriting final approval; (2) a notice and comment stage, during which class members are informed about the proposed settlement and given an opportunity to object or exclude themselves from the settlement; and (3) a "formal fairness hearing," or final approval hearing, at which the court decides whether the proposed settlement should be approved as fair, adequate, and reasonable to the class. *See* Manual for Complex Litigation (Fourth) §§ 21.632-34 (2012). The case has now reached the third stage, and the parties seek a determination that the Settlement is fair, reasonable, and adequate and should be approved.

A district court has discretion to approve a class action settlement under Rule 23(e) if the settlement is fair, adequate, and reasonable. *Ayers v. Thompson*, 358 F.3d 356, 368 (5th Cir. 2004). Courts in the Fifth Circuit apply the "*Reed* factors," in making this determination.

> This Court has set forth a six-factor test (the "*Reed* Test"), to determine the appropriateness of a proposed settlement: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017) (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (citation omitted).

#### B. Application of Reed Factors Supports Approval

##### (1) There was No Fraud or Collusion Behind the Settlement

The settlement was reached at mediation and negotiated through an experienced respected mediator. There was no fraud or collusion. The settlement was reached after two full-day mediation sessions before Susan Soussan and one earlier mediation session with Gary McGowan involving extensive negotiation between the parties to draft the full settlement agreement and exhibits. Judge Soussan is a retired Harris County judge and one of the most experienced and reputable mediators in Houston. The first session ended in no settlement. The second session was successful in reaching an agreement in principle. Even after that point, the parties reached multiple impasses in preparing the settlement agreement and supporting exhibits. But the parties kept working with Judge Soussan and ultimately were able to reach a final settlement agreement.

### (2) The Complexity, Expense, And Likely Duration Of The Litigation

This factor supports approval of the settlement. Without a settlement, the appeal of this Court's judgment would be expensive and would greatly delay any resolution and jeopardize possible awards to the class members if successful. *See Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004) (finding that this factor supports approval where a settlement provides relief for the class sooner than continued litigation, and avoids the risks and burdens of protracted litigation).

### (3) The Stage Of The Proceedings And The Amount Of Discovery Completed

This factor strongly supports approval. Contrary to settlements that have been criticized for being reached too early in the litigation, this settlement was reached after the litigation was essentially completed, and an appeal was imminent.

4

### (4) The Probability Of Plaintiff's Success On The Merits

The parties sharply disagree regarding the probability of Plaintiff's success on the merits had the parties not settled and Defendants gone forward with their appeal.

Plaintiff and Class Counsel believe that, without a settlement, Defendants' appeal would have likely been unsuccessful and this Court's judgment would have been affirmed. Defendants believe that their appeal will be successful because the class members have suffered no harm and lack standing to bring these claims, and if successful, the class will receive nothing. These issues are arguably matters of first impression in the Fifth Circuit and have been accepted in another jurisdiction. (*See* Dkt. 302 at 3, 11-14.) Accordingly, there is an appreciable risk that the Fifth Circuit (reviewing the District Court's rulings of law *de novo*) could render judgment against the class members if not settled. Most notably, Class Counsel appreciated the risk that the Fifth Circuit could accept Defendants' argument that the lack of proof of actual damages precluded the award of liquidated damages. Defendants also challenged Plaintiff's standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), on the ground that neither Plaintiff nor the class has suffered a concrete injury. Were the Fifth Circuit to agree with either of these arguments (or any of Defendants' other arguments), it would likely reverse, resulting in class members getting nothing.

Plaintiff and Class Counsel had to seriously weigh this risk in deciding whether to agree to a settlement or proceed with an appeal and risk that the Fifth Circuit would render judgment against the class members. Plaintiff and Class Counsel believed that accepting the proposed settlement and avoiding the risk (and delay) of the appeal was in the best interests of the Class members.

### (5) The Range Of Possible Recovery

The range of possible recovery for class members would be between zero and $2,500 per class member. The settlement provides Class Members 60% of their maximum recovery, but without the delay or risks associated with appeal. The parties believe that a settlement of 60% of the full value is reasonable, taking into account the Plaintiff's risks in connection with an inevitable appeal, as well as the delays associated with the appeal.

### (6) The Opinions Of The Class Counsel, Class Representatives, And Absent Class Members

Class Counsel, the Class Representative, and the absent class members unanimously support the settlement. No class member has objected to any of the terms of the settlement, and no class member has asked to be excluded from the Settlement. Settlement Class Members and the appropriate government officials who were sent the CAFA notice were given a full and fair opportunity to participate in the Final Fairness Approval Hearing, and no Settlement Class Members have filed a notice of appearance by the February 2 deadline set forth in the preliminary approval order (Dkt. 319 at 5, ¶10) and class notice (Dkt. 320-1 at 49, 50).

## C. The Court-Approved Notice Plan Was Successfully Implemented

Rule 23(e)(1) requires that before a proposed settlement may be approved, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal."

As mandated by the Preliminary Approval Order, Rust mailed notice of the proposed Settlement to all class members. As the Court found in its Preliminary Approval Order, the notice plan: (i) complied with Rule 23 and the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law; (ii) constituted the best notice practicable under the circumstances to apprise Class Members of the

pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; and (iii) provided due and sufficient notice to all persons entitled to notice of the Settlement resolving this Action.

The Defendants properly and timely notified the appropriate government officials of the Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on October 30, 2017. More than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

The parties ask that the Court enter a final judgment approving the Settlement Agreement as fair, reasonable, and adequate, and have provided a proposed form of judgment as an attachment.

## IV.    CONCLUSION

For the forgoing reasons, the parties respectfully request that the Court vacate and set aside its order and judgment of August 17, 2017 (Dkt. 302, 303, and 304), and enter the accompanying Final Judgment and Order of Dismissal.

Dated:  February 9, 2018.

Respectfully submitted,

/s/ Cory S. Fein
Cory S. Fein (Texas Bar No. 06879450)
Cory S. Fein, PC
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601
Email:  cory@coryfeinlaw.com

    Ricardo G. Cedillo (Texas Bar No. 04043600)
    Les J. Strieber III (Texas Bar No. 19398000)
    Davis, Cedillo & Mendoza, Inc.
    McCombs Plaza, Suite 500
    755 E. Mulberry Avenue
    San Antonio, Texas 78212
    Telephone: (210) 822-6666
    Facsimile: (210) 822-1151
    Email: lstrieber@lawdcm.com

    Michael E. Pierce (Texas Bar No. 24039117)
    michael@pcsblaw.com
    Pierce Chapman Skrabanek Bruera, PLLC
    3701 Kirby Dr., Suite 760
    Houston, TX 77098
    Telephone: (832) 690-7000
    Facsimile: (832) 575-4840

    **ATTORNEYS FOR PLAINTIFF**

    <u>/s/ Marcy Hogan Greer</u>
    Marcy Hogan Greer
    **ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP**
    Texas Bar No. 08417650
    515 Congress Ave., Ste. 2350
    Austin, Texas 78701-3562
    Phone Number: 512-482-9300
    Fax Number: 512-482-9303
    mgreer@adjtlaw.com

    L. Bradley Hancock
    brad.hancock@hklaw.com
    Texas Bar No. 00798238
    **HOLLAND & KNIGHT LLP**
    1100 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: (713) 821-7000
    Facsimile: (713) 821-7001

Martin G. Durkin
martin.durkin@hklaw.com
**HOLLAND & KNIGHT LLP**
131 S. Dearborn Street, 30th Floor
Chicago, IL  60603
Telephone: (312) 263-3600
Facsimile: (312) 263-6666

Gerald T. Drought
**MARTIN & DROUGHT, P.C.**
300 Convent St.
Bank of America Plaza
25th Floor
San Antonio, TX 78205-3789
Telephone: (210) 227-7591
Facsimile: (210) 227-7924

**ATTORNEYS FOR TITLEMAX OF TEXAS, INC., AND TMX FINANCE LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that I served this pleading via the Court's ECF system on February 9, 2018, and thereby served it on all counsel of record.

/s/ Cory S. Fein
Cory S. Fein